# EXHIBIT "A"

# CASE SUMMARY
## CASE NO. 14-CA-010970

| | | | |
|---|---|---|---|
| Cohen, Gary M. vs Herick, Gary | | Case Type: | **Contract & Indebtedness** |
| | § | Date Filed: | **10/30/2014** |
| | § | Location: | **Division T** |
| | § | Judicial Officer: | **Sheehan, Tracy** |
| | § | Uniform Case Number: | **292014CA010970A001HC** |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | CannaPharmaRx Inc | |
| Defendant | CannaPharmaRx, Inc. Acquisition Corp. | |
| Defendant | Crocker, Gerald | |
| Defendant | Golden Dragon Holding Co. | |
| Defendant | Herick, Gary | |
| Defendant | Liess, Robert | |
| Defendant | Sherwood, Mathew | |
| Defendant | Smeeding, James | |
| Plaintiff | CannaPharmaRx Inc | **DALE JAMES MORGAO** *Retained* |
| Plaintiff | Cohen, Gary M. | **DALE JAMES MORGAO** *Retained* |

### EVENTS & ORDERS OF THE COURT

OTHER EVENTS AND HEARINGS

| | |
|---|---|
| 10/30/2014 | CIVIL COVER SHEET |
| | *DUPLICATE* |
| 10/30/2014 | CIVIL COVER SHEET |
| 10/30/2014 | Addendum to Civil Cover Sheet |
| | *ATTY NOTIFIED PER A O S-2013-021 THEY WILL HAVE TO PETITION DIVISION JUDGE TO TRANSFER TO COMPLEX BUSINESS DIVISION* |
| 10/30/2014 | COMPLAINT |
| 10/30/2014 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED |
| | *DALE J MORGADO* |
| 10/30/2014 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED |
| | *DALE J MORGADO* |
| 10/30/2014 | REQUEST FOR DIVISION ASSIGNMENT (E-FILING) |
| 10/30/2014 | E-FILED SUMMONS ISSUED |
| | *X2 dmorgado@ffmlawgroup.com ;* |
| 11/11/2014 | MOTION TO - FOR |
| | *EXPEDITE DISCOVERY* |
| | Party:  Cohen, Gary M. |
| 11/11/2014 | NOTICE OF SERVICE OF REQUEST TO PRODUCE |
| | *PLAINTIFF S NOTICE OF SERVING DISCOVERY ON DEFENDANT CANNAPHARMARX, INC.* |
| 11/14/2014 | NOTICE OF TAKING DEPOSITION |
| | *12/10/14 @ 10 AM GARY HERICK AND KEVIN E GRIFFIN* |
| 11/14/2014 | NOTICE OF TAKING DEPOSITION |
| | *#20609745* |
| 11/17/2014 | NOT OF SERVICE OF INTERROGATORIES |
| 11/17/2014 | NOTICE OF SERVING |
| | *DISCOVERY ON DEFENDANT GARY HERICK* |
| 11/17/2014 | NOTICE OF SERVING |
| | *PLAINTIFF'S NOTICE OF SERVING DISCOVERY ON DEFENDANT CANNAPHARMARX* |
| 11/19/2014 | AMENDED COMPLAINT |
| | *\*VERIFIED\* \*FIRST\* AND DEMAND FOR JURY TRIAL / NO COS* |
| | Party:  Cohen, Gary M. |
| 11/20/2014 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED |
| 11/20/2014 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED |
| 11/20/2014 | REQUEST FOR SUMMONS TO BE ISSUED (E-Filed) |

| | |
|---|---|
| 11/20/2014 | **REQUEST FOR SUMMONS TO BE ISSUED (E-Filed)** |
| 11/20/2014 | **REQUEST FOR SUMMONS TO BE ISSUED (E-Filed)** |
| 11/20/2014 | **REQUEST FOR SUMMONS TO BE ISSUED (E-Filed)** |
| 11/20/2014 | **REQUEST FOR SUMMONS TO BE ISSUED (E-Filed)** |
| 11/20/2014 | **REQUEST FOR SUMMONS TO BE ISSUED (E-Filed)** |
| 11/20/2014 | **E-FILED SUMMONS ISSUED** |
| | *X8 dmorgado@ffmlawgroup.com ;* |

---

### FINANCIAL INFORMATION

**Plaintiff** CannaPharmaRx Inc
Total Financial Assessment                                                                          420.00
Total Payments and Credits                                                                          420.00
**Balance Due as of 11/24/2014**                                                                      **0.00**

| | | | | |
|---|---|---|---|---|
| 10/30/2014 | Transaction Assessment | | | 420.00 |
| 10/30/2014 | ACH Payment | Receipt # 21-00095786 | Dale James Morgado | (420.00) |

**Plaintiff** Cohen, Gary M.
Total Financial Assessment                                                                           87.50
Total Payments and Credits                                                                           87.50
**Balance Due as of 11/24/2014**                                                                      **0.00**

| | | | | |
|---|---|---|---|---|
| 11/19/2014 | Transaction Assessment | | | 7.50 |
| 11/19/2014 | ACH Payment | Receipt # 21-00099321 | MORGAO, DALE JAMES | (7.50) |
| 11/20/2014 | Transaction Assessment | | | 80.00 |
| 11/20/2014 | ACH Payment | Receipt # 21-00099307 | MORGAO, DALE JAMES | (80.00) |

---

Unofficial Record

# CIVIL COVER SHEET

Form 1.997   The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute section 25.075. (See instructions for completion.)

I.   CASE STYLE

In the Circuit Court of the Thirteenth Judicial Circuit for Hillsborough County, Florida

Gary M. Cohen
CannaPharmaRx, Inc.

as nominee Plaintiff for the underlying derivative action

Plaintiff(s),

Case #: _____

Civil Divison L- Complex
Division: Litigation Docket _____

vs.

Gary Herick
CannaPharmaRx, Inc. _____ ,

Defendant(s).

THIS CASE IS APPROPRIATE FOR ASSIGNMENT TO THE BUSINESS COURT ☑
Please See Attached Business Court Addendum Form

II.   TYPE OF CASE: (If a case fits more than one type of case, select the most definitive category.) If the most
descriptive label is a subcategory (is indented under a broader category), place an X in both the main category
and the subcategory boxes.

☐ **Condominium**

☒ **Contracts and indebtedness**

☐ **Eminent domain**

☐ **Auto Negligence**

☐ **Negligence-other**

   ☐ Business governance

   ☐ Business torts

   ☐ Environmental/Toxic tort

   ☐ Third party indemnification

   ☐ Construction defect

   ☐ Mass tort

   ☐ Negligent security

   ☐ Nursing home negligence

   ☐ Premises liability – commercial

   ☐ Premises liability – residential

   ☐ Products liability

☐ **Real property / Mortgage foreclosure**

   ☐ Commercial foreclosure $0-$50,000

   ☐ Commercial foreclosure $50,001-$249,999

   ☐ Commercial foreclosure $250,000 or more

   ☐ Commercial foreclosure $50,001 - $249,999

   ☐ Homestead residential foreclosure $0-$50,000

   ☐ Homestead residential foreclosure $50,001 -$249,999

   ☐ Homestead residential foreclosure $250,000 or more

   ☐ Nonhomestead residential $0-$50,000

   ☐ Nonhomestead residential $50,001-$249,999

   ☐ Nonhomestead residential $250,000 or more

☐ **Real property / Mortgage foreclosure (cont.)**

   ☐ Other real property actions $0-$50,000

   ☐ Other real property actions $50,001-$249,999

   ☐ Other real property actions $250,000 or more

☐ **Professional malpractice**

   ☐ Malpractice - Business

   ☐ Malpractice - Medical

   ☐ Malpractice - other professional

☒ **Other**

   ☐ Antitrust / trade regulation

   ☒ Business transactions

   ☐ Constitutional challenge – statute or ordinance

   ☐ Constitutional challenge – proposed amendment

   ☐ Corporate trusts

   ☐ Discrimination – employment or other

   ☐ Insurance claims

   ☐ Intellectual property

   ☐ Libel / Slander

   ☒ Shareholder derivative action

   ☐ Securities litigation

   ☐ Trade secrets

   ☐ Trust litigation

III.     REMEDIES SOUGHT (Check all that apply):

☑ Monetary;

☑ Non-monetary declaratory or injunctive relief;

☑ Punitive

IV.     NUMBER OF CAUSES OF ACTION:     [11]

(Specify) 1.Breach of Fiduciary Duty; 2.Equitable Accounting; 3.Breach of Duty of Good Faith, Loyalty & Care;4.Abuse of Contro

5.Conversion; 6.Missappropriation of Business Opportunities; 7.Defalcation; 8.Derivative Action F.S. 607.07401; 9.Breach of
Written Contract; 10.Breach of Oral Contract; 11.Wrongful Termination & RetaliationPersonnel, Whistleblower Act at  448.102(

V.     IS THIS CASE A CLASS ACTION LAWSUIT?

☐ Yes

☑ No

VI.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☑ No

☐ Yes     If "yes", list all related cases by name, case number and court.

_____

_____

_____

VII.     IS JURY TRIAL DEMANDED IN COMPLAINT?

☑ Yes

☐ No

VIII.     IS TRIAL EXPECTED TO LAST MORE THAN TEN (10) TRIAL DAYS (2 WEEKS)?

☑ Yes

☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _Dale Morgado_                          FL Bar # _____64015_____

Attorney or Party                                              (Bar # if attorney)

Dale James Morgado                                            October 30, 2014

Type or Print Name                                                    Date

## IN THE THIRTEENTH JUDICIAL CIRCUIT OF THE
## STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

Gary M. Cohen

CannaPharmaRx, Inc.

as nominee Plaintiff for the underlying derivative action
Plaintiff/Petitioner(s)

vs.

Gary Herick

CannaPharmaRx, Inc.
Defendant/Respondent(s)

CASE NO.:_____

DIVISION:L- Complex Litigation Docket

## REQUEST FOR DIVISION ASSIGNMENT

**This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:**

☐ **Tampa Division**

☒ **East Division**

☐ **Prior Division (Please indicate Case Number and Division of previously filed action:** _____ )

**I understand that the actual division assignment will be in accordance with the** Hillsborough County Administrative Orders. **If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.**

**Name of Attorney:** Dale James Morgado _____

**Address:** Feldman Morgado, P.A _____

100 N. Biscayne Blvd., 29th Fl, Ste. 2902, Miami, FL 33132

**Phone Number:** 305-222-7850 _____

**Email Address(es):** dmorgado@ffmlawgroup.com _____

 **E-Filed**

Colorado Secretary of State
Date and Time: 04/22/2014 01:11 PM
ID Number: 20141250585

Document number: 20141250585
Amount Paid: $50.00

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

*ABOVE SPACE FOR OFFICE USE ONLY*

## Articles of Incorporation for a Profit Corporation
filed pursuant to § 7-102-101 and § 7-102-102 of the Colorado Revised Statutes (C.R.S.)

1. The domestic entity name for the corporation is

CannaPharmaRX, Inc.

*(Caution: The use of certain terms or abbreviations are restricted by law. Read instructions for more information.)*

2. The principal office address of the corporation's initial principal office is

Street address     7609 Ralston Road
                   *(Street number and name)*

Arvada                    CO      80002
*(City)*              *(State)*  *(ZIP/Postal Code)*
                   United States
*(Province – if applicable)*      *(Country)*

Mailing address
(leave blank if same as street address)
                   *(Street number and name or Post Office Box information)*


*(City)*              *(State)*  *(ZIP/Postal Code)*

*(Province – if applicable)*      *(Country)*

3. The registered agent name and registered agent address of the corporation's initial registered agent are

Name
(if an individual)     Littman          Michael
                      *(Last)*         *(First)*        *(Middle)*    *(Suffix)*

or

(if an entity)

*(Caution: Do not provide both an individual and an entity name.)*

Street address     7609 Ralston Road
                   *(Street number and name)*

Arvada                    CO      80002
*(City)*              *(State)*  *(ZIP/Postal Code)*

Mailing address
(leave blank if same as street address)
                   *(Street number and name or Post Office Box information)*


                                 CO
*(City)*              *(State)*  *(ZIP/Postal Code)*

*(The following statement is adopted by marking the box.)*

☑ The person appointed as registered agent above has consented to being so appointed.

4. The true name and mailing address of the incorporator are

Name
(if an individual)

| Littman | Michael | | |
|---------|---------|--------|----------|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

or

(if an entity)

*(Caution: Do not provide both an individual and an entity name.)*

Mailing address   7609 Ralston Road
*(Street number and name or Post Office Box information)*

| Arvada` | CO | 80002 |
|---------|-----|-------|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

United States
*(Province – if applicable)*          *(Country)*

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ The corporation has one or more additional incorporators and the name and mailing address of each additional incorporator are stated in an attachment.

5. The classes of shares and number of shares of each class that the corporation is authorized to issue are as follows.

⦿ The corporation is authorized to issue  100,000,000  common shares that shall have unlimited voting rights and are entitled to receive the net assets of the corporation upon dissolution.

◯ Information regarding shares as required by section 7-106-101, C.R.S., is included in an attachment.

6. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☑ This document contains additional information as provided by law.

7. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

*(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*

The delayed effective date and, if applicable, time of this document is/are

*(mm/dd/yyyy hour:minute am/pm)*

Notice:

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

8. The true name and mailing address of the individual causing the document to be delivered for filing are

| Littman | Michael | | |
|---------|---------|--------|--------|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

7609 Ralston Road
*(Street number and name or Post Office Box information)*

| Arvada | CO | 80002 | |
|--------|------|-------------|--|
| *(City)* | *(State)* | *(ZIP/Postal Code)* | |

United States .
*(Province – if applicable)*          *(Country)*

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

Disclaimer:
This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

SHAREHOLDER ACTION BY WRITTEN CONSENT "Any action required or permitted by Colorado Revised Statutes to be taken at a shareholder meeting may be taken without a meeting, if the shareholders holding shares having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all of the shares entitled to vote thereon were present and voted, consent to such action in writing. Effectiveness of such action shall be as provided in Colorado Revised Statutes except when the requirements of Section 14 of the Securities Exchange Act of 1934 specify otherwise. Record date for determining shareholders entitled to take action, or entitled to be given notice under CRS 7-107-104 (as it may be amended) is the date the corporation first receives a writing upon which the action is taken pursuant to written consent of a majority of shareholders."

Filing # 18097943 Electronically Filed 10/30/2014 05:19:35 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

GARY M. COHEN, CANNAPHARMARX, INC.
as nominee Plaintiff for the underlying derivative action

_____   Case No.: 14-CA-10970

Plaintiff(s)

vs

GARY HERICK, CANNAPHARMARX, INC.   Division: ~~XXXXXX~~ "T"

_____

Defendant(s)

## SUMMONS

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)  CANNAPHARMARX INC., 7609 Ralston Road, Arvada, CO 80002                 +

Each defendant is required to serve written defenses to the complaint or petition on DALE J. MORGADO plaintiff's attorney, whose address is 140 BROADWAY, 46TH FL, STE 4624, NEW YORK, NY 10005 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on ___10/30/14___

Attorney:  DALE J. MORGADO

Attorney For:  PLAINTIFF

Address:  FELDMAN MORGADO, P.A

140 BROADWAY, 46TH FL., STE. 4624

NEW YORK, NEW YORK 10005

Florida Bar No:  64015

**PAT FRANK**
As Clerk of the Court

By: *Nancy J. Hyppon*

As Deputy Clerk
P.O. Box 989                    800 E Twiggs St
Tampa, FL 33601                 Room 530
                                Tampa FL 33602
(813)276-8100 extension 4365

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## BUSINESS COURT ADDENDUM

### Party or Attorney Filing Action Must Place an "X" in One of the Boxes Below

The categories of cases set out below shall guide the parties and the Court in the designation of cases for the Business Court.

☒ **A.** Internal affairs or governance; dissolution or liquidation rights; obligations between or among owners (shareholders, partners, members); or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of corporations, partnerships, limited partnerships, limited liability companies or partnerships;

☐ **B.** Trade secrets and non-compete agreements;

☐ **C.** Intellectual property;

☐ **D.** Securities or state securities laws;

☐ **E.** Antitrust statutes;

☒ **F.** Shareholder derivative actions and related class actions;

☒ **G.** Corporate trust affairs or director and officer liability;

☐ **H.** Non-consumer UCC-related transactions;

☒ **I.** Purchases and sales of businesses or the assets of a business; and

☐ **J.** Franchisee/franchisor relationships and liabilities

*NOTE:* **A copy of the Civil Cover Sheet and this Addendum must be served with the Complaint for all Business Court cases. See Administrative Order S-2013-021 for further Business Court requirements.**

Print Form

Case No. _____

_____

# IN THE CIRCUIT COURT
### *in and for* HILLSBOROUGH COUNTY FLORIDA,
### *in the* CIVIL DIVISION L - COMPLEX LITIGATION DOCKET

_____

Gary M. Cohen
CannaPharmaRx, Inc.
*as nominee Plaintiff for the underlying derivative action*

## *Plaintiffs*

-versus-

Gary Herick
CannaPharmaRx, Inc.

## *Defendants*

# VERIFIED COMPLAINT
# & DEMAND FOR JURY TRIAL

Plaintiff sues Defendants, CannaPharmaRx, Inc. and Gary Herick, and alleges as follows:

## INTRODUCTION

1.  Gary Cohen, the founder, and former President and Chief Operating Officer of CannaPharmaRx, was terminated when he asked his colleagues to be accountable to the law, to Company stockholders and to each other.

2.  For months, Plaintiff, Gary Cohen, had been asking where certain stock had gone, who was it sold to, what price was it sold at, why was the Company not following the business plans it told its investors it was going to do, why it was not following the law, why were officers taking salaries but not working, where were the Company records located, and why are the Company's financials not being made available but to Defendant, Gary Herick, and his selected cast.

3.  He explained to his colleagues on the Board of Directors that he refused to participate in their unlawful behavior and recommended a course of accountability to right the ship.

4.  But as the pressure mounted for Herick and the others to turnover the financials, explain their actions to the Company president, and cease their illegal activities, they responded by voting him out his position on the Board, firing him, stealing his stock, his ideas, his vision, and professional life's work.

5.  Thus he brings this action to remedy *pervasive* breaches of fiduciary duty, gross corporate mismanagement, self-dealing, excessive self-compensation, misappropriation of corporate assets, preferential illicit distributions, failure to accede to an accounting,

failure to disclose all material information, including the corporate records, unfair

dealing, along with retaliatory discharge of Cohen and various other forms of

misconduct.

6.    Indeed, Defendant, Gary Herick, concocted schemes to divert corporate assets to

personally enrich himself, at the expense of CannapharmaRx, its investors, including its

founder, President and Chief Operating Officer, Plaintiff, Gary M. Cohen.

7.    These schemes included engaging in tax fraud, *e.g.*, improperly assigning Herick's

personal expenses as company business expenses; wasting corporate assets, unlawful

payroll practices, *e.g.*, failing to pay employee payroll taxes, or withhold FICA and Social

Security taxes, failure to perform minimal, if any, legitimate corporate duties; refusing to

accede to Cohen's demands for an accounting and corporate records; and otherwise

grossly mismanaging and wasting CannaPharmaRx corporate assets and cutting Cohen,

CannaPharmaRx, and other shareholders out of corporate opportunities.

## PARTIES, JURISDICTION AND VENUE

4.    This is an action for damages in excess of $15,000 exclusive of interest, attorneys' fees,

and costs.  It is brought on behalf of CannapharmaRx, and Gary M. Cohen, personally

seeking injunctive relief and money damages.

5.    Plaintiff, Gary M. Cohen, at all times relevant to the claims herein, was a resident of

Hillsborough County, Florida.

6.    On October 20, 2014, Mr. Cohen held the following titles for CannapharmaRx': Chief

Operating Officer, President, and Member of the Board of Directors.

7. Mr. Cohen is also the Founder of the corporation, and architect of the CannapharaRx key concepts.

8. Mr. Cohen is also a shareholder of CannapharmaRx.

9. Mr. Cohen was issued 2.25 million shares of CannapharmaRx.

10. Currently, Mr. Cohen owns 2.25 million shares of CannapharmaRx along with 750,000 in options.

11. Mr. Cohen has an employment contract with CannapharmaRx, which requires he be paid $15,000 per month, until the company has raised, $25 million or more.  Once the company has raised at least $25 million, Mr. Cohen is to be paid $23,000 per month.

12. Mr. Cohen's employment contract is valid and binding.

13. This is one of the company records Mr. Herick is withholding from Mr. Cohen.

14. As a result of Mr. Cohen's shares and this contract, he has every incentive to make sure CannaPharmRx succeeds, and is the perfect person to stand in the shoes of the Company to see to it that its derivative action is fully litigated. .

15. Defendant, Gary Herick, is the Chief Financial Officer of CannaPharmaRx.  He lives at: 161 Bronco Drive, Edwards, Colorado 81620. Between him and his so called "company SEC" lawyer, they own the largest stake in the company at 16%.

16. Gary Herick owns at least 2.25 million shares.

17. Herick is also a member of the Board of Directors.

18. CannapharmaRx, is a for profit corporation organized under the laws of Colorado. It conducts business in Florida.

19. At all relevant times to this action, it had an office in Hillsborough County. This office was used by the parties to engage and carry businesses in this State.

20. The Board of Directors for CannapharmaRx consisted of: Gerald Crocker, James Smeeding, Gary Herick, Robert Liess, and Gary M Cohen, until Mr. Cohen was informed he was voted out as a member.

21. There are no other Board Members at the time this action was filed.

22. This Court has jurisdiction pursuant to Fla. Stat. §26.012(a) and (c). Pursuant to Fla. Stat. §§ 47.011 and 47.05, venue is proper because the causes of action accrued in Hillsborough County, Florida and because Defendant has, and usually keeps, an office for transaction of their customary business at 8615 Vivian Bass Way, Hillsborough County, Florida. As F.S. Sec. 48.193, explains, by operating, engaging in, or carrying on any business or business venture in this state, or having an office or agency in this state, or by committing a tortious act within the state, a person is subject to the jurisdiction of the Florida trial courts. The Company also employs individuals besides Cohen that work and live in Florida.

## GENERAL ALLEGATIONS

23. Cohen retained the law offices of Feldman Morgado, P.A. and seeks to recover his reasonable attorneys' fees and costs.

5

24. This is both a direct action and a derivative action.

25. The counts for direct action are because Cohen has suffered special harm, which is unique and personal to him. His injuries are separate and distinct from those sustained by other shareholders that Herick has damaged. For example, Cohen has suffered the loss of good will for his ideas and reputation. He has also lost out on other corporate opportunities, having accepted and relied upon misrepresentations by the Defendant.

26. The counts for a derivative action are due to harm caused to the corporation as a whole, in relevant part, because of corporate waste, mismanagement, along with breaches of their fiduciary duties to investors as a whole.

27. Multiple demands have been made to remedy the corporate waste, for an accounting of corporate assets, records, and to cease breaching the fiduciary duties the Defendant owe to the corporation, but these demands have fallen on deaf ears. Any further demands would be futile.

28. Herick owes a fiduciary duty to Cohen and CannapharmaRx.

29. Herick's fiduciary duties to Cohen, arise out of Herick's status as Chief Financial Officer. Herick, *e.g.*, has exclusive dominion over the business accounts, finances, its financial data, and reporting.[1] Unfortunately, only Herick has enjoyed business opportunities from the CannapharmaRx, instead of Cohen and the rest of its shareholders.

30. Herrick breached his most basic duties as an officer and director of CannapharmaRx, and

---

[1] *See, Garrer v. Perrson*, 543 F. Supp. 349 (M.D. Fla. 1988).

breached his fiduciary duties of care and loyalty, along with the subsidiary duties of good faith, oversight, and disclosure to Cohen and CannaparmaRx's shareholders.

31. The duty of care generally requires directors to inform themselves of all material facts regarding a decision and to give the matter before them due deliberation before taking action.

32. Herick breached these duties, by *inter alia,* by taking unauthorized corporate action before informing the complete board of directors and other investors what they were doing on behalf of CannaPharmaRx.

33. For example, Herick has arbitrarily assigned stock to his wife, he has changed the amount of stock and options assigned to other employees without board approval, without a board meeting, or special consent.

34. Herick refuses or prohibits an action from being taken against employees that were negligent in their duties, or filed false expense reports. One employee, performed no work for the first few months.  Cohen requested the situation be remedied, but Herick refuses.

35. Indeed, the actions taken by Herick were not minor action, but rather major changes to CannaPharmaRx, where an official board meeting and quorum would be required, votes needed to be cast, notice of the meetings given etc

36. Essentially, Herick and the remaining CannaPharmaRx board members have abandoned all semblance of corporate law.  The corporation is being operated as if Herick was a

dictator.

37. Among the actions taken by Defendant, without informing the complete board and

    investors, included, hiring key executives, giving out six figure salaries for these new

    executives, dolling out stock, in large amounts without approval of the board, entering

    into a merger agreement, sending out communications about investment opportunities,

    and attempting to acquire a pharmacy that is opposite the stated static goals and mission

    of the corporation.

38. Herick, has also taken a $30,000 commission for raising money in the Private Placement

    Memorandum, without investor or board approval.

39. Herrick misappropriated funds, *e.g.*, paying a $50,000 deposit to purchase a pharmacy

    that was opposite the type of pharmacy investors were informed of, and against the

    strategy of the Founder and visionary of the Company, Mr Cohen.  The non-refundable

    deposit was also provided before adequate funding was in place.

40. He has also misappropriated funds, staying at fancy hotels, *e.g.*, the Ritz Carlton, eating at

    lavish restaurants, and throwing golf parties with corporate funds.

41. The pharmacy is not appropriate for a number reasons, and Herick wants to use the

    pharmacy for its earnings to artificially pump up and inflate the company's value.

42. Herick also took $30,000 in corporate funds, claiming he is due them for allegedly raising

    $3,000,000 from investors.

43. The duty of loyalty generally requires that directors act solely in furtherance of the best

interests of the corporation and its shareholders. Defendant breached these duties, by *inter alia,* seeking to and sponsoring golf tournaments, failing to take pay cuts, spending corporate funds wildly, having personal expenses paid by the corporation, not brining all appropriate corporate opportunities to the board and investors, and otherwise not devoting their best efforts to the corporation.

44. The duty of oversight is a process-oriented duty that requires directors to act in good faith to establish an adequate system to monitor corporate compliance with legal obligations. Defendant breached these duties, by *inter alia,* failing to share accounting information, books and records, and the corporate plans with all the members of the board and key shareholders. Defendant is ignoring corporate law altogether - running wild doing whatever he'd like with investor relations - and not reporting his actions to the complete board or to  company shareholders.

45. Herick has caused insubordination to attempt Cohen from being able to lead the Company.  This hurts the Company and its shareholders because they invested in the Company under the impression that Mr. Cohen was and will be acting and leading it as its President, founder and visionary. Indeed, Mr. Cohen is the most experienced executive when it comes to incubation and operating a business at Company's  current stage.

46. No Business Judgment applies in this case because the CannaPharmaRx  Board is an *interested* board and it is not independent.  Indeed, as a condition to a Board's decision receiving deferential review under the business judgment rule is that the individual

9

directors making the decision be disinterested and independent. This means that business decisions made by boards of directors must be based entirely on the corporate merits of the transaction and not influenced by personal or extraneous considerations.

47. Here, the CannPharmaRx Board is not independent and disinterested because, *inter alia*, Herick has bought the Board and a majority of shareholders votes by handing out contracts to vendors tied to board members, issuing additional stock and pay to executive and other board members in an attempt to secure their voting rights.  Said differently, through unauthorized corporate action and money, Herick has created a Board he controls, the majority of Board members now follow his every move because of the perks he has promised or provided them with.

48. Indeed, as seen here, a Board members personal self-interest in (and natural inclination toward) maximizing the value of the deal conflicts with the continuing obligation to serve the best interest of the corporation.

49. Herick has also routinely and inappropriately assigned highly personal expenses as CannapharmaRx business expenses, thus lowering his personal tax liability while enriching himself to the detriment of Cohen and other shareholders.

50. He has mislead shareholders and Cohen by guaranteeing that $100 million would be raised on or before October 2014.

51. Herick has also posted and presented misleading information to investors, *e.g.*, the Private Placement Memorandum contains misrepresentations in it as to the share

amounts held by various shareholders, as well as other misleading and false statements.

52. Due to Herick's gross misconduct, Plaintiff, and then acting President of CannapharmaRx, Gary M Cohen, requested Mr. Herick resign from his position.

53. This request was made October 13, 2014.

54. Mr. Herick refuses to resign his position.

55. Herick has also paid employees in advance of their actually performing the work (while a poor practice standing alone), his payment of employees, without holding taxes, *e.g.*, payroll, Social Security, FICA, unemployment and workers compensation is unlawful.

56. Mr. Cohen has objected to and refused to allow Herick to continue to pay employees without paying all appropriate taxes or other legally required withholdings.

57. Herick has intentionally coached employees to violate the Sarbanes Oxley Act. For example, Herick coached employees to: (a) ignore emails; (b) ignore directives; (c) cease using a journal of emails; and (d) use private emails, text messaging, or phone to avoid corporate trails. Such behavior is opposite the Sarbanes Oxley's mandates and goals.

58. Herick has not reported all the stock sold to the SEC or all of its investors.

59. Herick, through and with Michael Littman, another shareholder in CannaPharma, are using interested transfer agents, persons, and other companies to falsely inflate the company stock and create a market that does not exist for the company stock.

60. Cohen threatened to expose their scheme.

## COUNT I
## BREACH OF FIDUCIARY DUTY

61. Cohen re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

62. Cohen and Herick share a relationship whereby Cohen reposes trust and confidence in Herick to conduct business in the best interests of the shareholders of CannapharmaRx .

63. Herick undertakes such trust and assumes a duty to advise, counsel, and protect Cohen.

64. As explained in the detailed paragraphs above, Herick breached his fiduciary duties to Cohen.

65. For example, Herick continues to enrich himself to Cohen's detriment by continuing to refuse Cohen's demands for an accounting; otherwise continuing to grossly mismanaging affairs; and continuing to waste the assets of CannaPharma.

66. Herick is also improperly influencing members the Board and other key employees to support inappropriate company initiatives that its investors do not approve of. He is doing this through false promises, deception, and lies.

67. Herick's breach caused Cohen to suffer damages in the past and will continue into the future.

68. The breach of the fiduciary duty is intentional and negligent. See *Palafrugel/ Holdings, Inc. v. Cassel,* 825 So.2d 937 (Fla. 3 DCA 2001). (breach of fiduciary duty can be either negligent and/or intentional).

**WHEREFORE,** Cohen demands judgment against Herick for compensatory damages, including disgorging corporate profits and distributions which Herick has personally attained,

along with pre-judgment and post judgment interest, with damages to be determined at trial and for such other further relief as the Court deems just and proper. *See Mortellite v American Tower, L.P.,* 819 So.2d 928 (punitive damages allowed in such a claim).

## COUNT 2
## EQUITABLE ACCOUNTING
### *as to CannaPharma and Herick*

69. Cohen re-alleges and incorporates paragraphs 1 through 60 as fully stated herein.

70. Cohen and Defendants share a fiduciary relationship.

71. Cohen and Defendants also entered into numerous complex transactions.

72. Herrick, as the Chief Financial officer, has access to all of the corporation accounts, books and records.

73. He is the only signer on the Company bank accounts.

74. He has some of the materials needed for an accounting in his exclusive control.

75. Despite Cohen's numerous requests for an accounting, on behalf of himself and CannapharmaRx, Defendant refuses to turn over and furnish and provide a full accounting.

76. A remedy at law is inadequate.

**WHEREFORE,** Cohen demands an accounting of the affairs of CannapharmaRx, including its books, corporate records, stock records, and accounts, and damages against Herick for his refusal to provide an accounting and making this action necessary. Cohen also requests the payment of attorneys' fees for having to file this claim.

**COUNT 3**
**BREACH OF DUTY OF GOOD FAITH,**
**DUTY OF LOYALTY & DUTY OF CARE**
*as to Herick*

77. Cohen re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

78. Florida law expressly provides a duty of good faith, loyalty and care. F.S. 607.08310(1). *See also, FDIC v. Stabi,* 854 F. Supp. 1565, 1571 (S.D. Fla. 1994).

79. These duties include a director and/or managing shareholders requirements to be diligent and prudent in managing the corporation's affairs. Additionally, a managing shareholder must always act in the best interest of the corporation. *Citizens State Bank v. Adams,* 140 Fla. 578. (Fla. 1940).

80. Herick's gross corporate mismanagement, self-dealing, excessive self-compensation, preferential illicit distributions, failure to accede to an accounting, failure to disclose all material information, including the corporate records, and unfair dealing constitute breaches of duty and his duty of loyalty, care and good faith.

81. Indeed, upon information and belief, Herick, in the past and the present, made excessive preferential and illicit distributions to himself.

82. Herick squeezed out Cohen from the operations and enjoyment of the enterprise without consideration.

83. Herick has intentionally coached employees to violate the Sarbanes Oxley Act.  For

example, Herick coached employees to not respond to emails or directives in violation of SOX, and to not journal email logs.

84. Herick has paid employees in advance of their actually performing the work (while a poor practice standing alone), his payment of employees, without holding taxes, *e.g.*, payroll, Social Security, FICA, unemployment and workers compensation is unlawful.

85. Cohen has objected to and refused to allow Herick to continue to pay employees without paying all appropriate taxes or other legally required withholdings.

86. Mr. Herick continues to violate the law and pay employees withholdings.

87. Herick has usurped corporate opportunities.

88. In doing so, Herick has acted purposefully, maliciously, and with wanton or reckless disregard for Cohen's rights and interest, in derogation of Herick's duties of loyalty, care and good faith.

89. As there was no legitimate business purpose for Herick's actions, they constitute a breach of his duties of loyalty, care and good faith.

**WHEREFORE,** Cohen demands judgment against Herick for compensatory damages, including disgorging corporate profits and distributions which Herick has personally attained, along with pre-judgment and post judgment interest, with damages to be determined at trial and for such other further relief as the Court deems just and proper.

## COUNT 4
## ABUSE OF CONTROL
*as to Herick*

90. Cohen re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

91. Herick, through his position of power and control of CannapharmaRx, through the shares owned and controlled by him, engaged in the conduct set forth in paragraphs 1 through 52 above for the purposes of maintaining, enriching, and entrenching himself in a position of power and profit to control CannapharmaRx to the detriment of Cohen so that he would continue to receive the substantial benefits, salaries, and emoluments associated with his position.

92. Herick's course of conduct constituted an abuse of his ability and shares to control and influence CannapharmaRx. By reason of the foregoing, Cohen have been damaged.

**WHEREFORE,** Cohen demands judgment against Herick for compensatory damages, including disgorging corporate profits and distributions which Herick has personally attained, along with pre-judgment and post judgment interest, with damages to be determined at trial and for such other further relief as the Court deems just and proper.

## COUNT 5
## CONVERSION
*as to CannaPharma and Herick*

93. Cohen re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

94. In the past and continuing to the present, upon information and belief, Herick converted Cohen's property to his own benefit.

95. The property converted by Defendants was, but is not limited to, Cohen's stock, along with the right to receive any benefits associated with the Company shares. Said deprivation is inconsistent with Cohen's ownership interest.

96. The Defendants have converted Cohen's stock into their own.

97. The actions by Herick and the board of directors for CannaPharma, in this regard were not acts of the Corporation or as a director or officer carrying out his corporate obligations and responsibilities, but were individual tortious acts taken by him for his own personal benefit while knowing such acts would be harmful to Cohen.

98. Defendants knew and intended his acts to cause damage to Cohen. He consciously, maliciously, and intentionally deprived him of his shareholder rights and his property.

**WHEREFORE,** Cohen demands judgment against Herick for compensatory damages, including pre-judgment and post judgment interest, and for such other further relief as the Court deems just and proper.

## COUNT 6
## MISAPPROPRIATION OF BUSINESS OPPORTUNITIES

99.  Cohen re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

100. Herick had a fiduciary duty to at least disclose to Cohen any *available* business

opportunities where CannapharmaRx might *have* an interest or expectance in said

business opportunity.

101. Herick had knowledge of business opportunities that properly belonged to

CannapharmaRx.

102. In the past and continuing until the present, Herick failed to disclose any business

opportunities to Cohen that might have been or would be available to CannapharmaRx.

103. Business opportunities included, but are not limited to, allowing Cohen to accept or

reject the acquisition of Ward Road pharmacy (which is against the investors' private

placement memorandum) and stating the Company would acquire compounding

pharmacies, not Long term Care Closed door pharmacies.

104. Herrick has not allowed Cohen and other shareholders the opportunity to participate

with investor meetings, and has ignored Cohen's advice on a capitalization plan.

105. Herick has also arbitrarily assigned Gerry Crocker as CEO, and decided on value of each

individual, although Cohen employed most of the employees before Herick was involved,

and knew their skill sets and value

106. The failure to disclose business opportunities constitutes a failure to perform and a

breach of duty by Herick as the majority shareholder.

**WHEREFORE,** Cohen demands judgment against Herick for compensatory damages, including disgorging corporate profits and distributions which Herick has personally attained, along with pre-judgment and post judgment interest, with damages to be determined at trial and for such other further relief as the Court deems just and proper.

## COUNT 7
## DEFALCATION

107. Cohen re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

108. Both factually and as a matter of law at all times material hereto, Cohen placed trust and confidence in Herick, the controlling majority shareholder, that he would maintain and preserve the business and interest of the CannapharmaRx for its shareholders.

109. Indeed, Herick represented that he would look after the interests of CannapharmaRx.

110. As a matter of law, an express trust was created since Herick, the controlling shareholder, was chief financial officer of CannapharmaRx.

111. The controlling and managing shareholder Herick acted as a trustee.

112. Cohen, based on information and belief, alleges that Herick intentionally used his property and the Company's property to acquire business opportunities.

113. In the alternative, Cohen, based on information and belief, alleges that Herick as the controlling and majority shareholder used and had dominion over proceeds from divestiture that Cohen has never received.

**WHEREFORE**, Cohen demands judgment against Herick for compensatory damages,

including disgorging corporate profits and distributions which Herick has personally attained, along with pre-judgment and post judgment interest, with damages to be determined at trial and for such other further relief as the Court deems just and proper.

## COUNT 8
## DERIVATIVE ACTION UNDER F.S. 607.07401

114. CannapharmaRx, through Gary Cohen as a shareholder, re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

115. This verified complaint comes after Plaintiffs made a demand to board of directors (in writing and orally), to remedy the injuries complained of throughout this complaint. The complaint was refused. Irreparable injury to CannaPharmaRx will result by waiting further. Corporate directors and officers owe a fiduciary duty of loyalty and care to the corporation and shareholders.

116. The fiduciary duty of loyalty is premised on the concept that directors put the interest of the corporation above any and all personal interests.

117. Defendant breached his duty of loyalty to the corporation by putting his own personal interests above that of the corporation.

118. The fiduciary duty of care is premised on the concept that directors will act in a prudent manner and in the best interests of the corporation with all information available to them. As explained in detail, in the preceding paragraphs, they have breached duties as well.

119. Defendant breached their duty of care by not acting in such a prudent manner with the

best interests of the corporation in mind.

120. The wrongful conduct particularized in this Count was not due to an honest error in judgment, but rather to Defendant' gross mismanagement, bad faith and/or reckless disregard of the rights and interests of the corporation, its shareholders, and for acting without the reasonable and ordinary care which they owed the corporation.

121. Should the Court deem no demand was made, any demand would have been futile because the Defendant is not independent, as they are the individuals participating in the wrongdoing, possess a majority of the voting power in this close corporation, and have personal interests in the wrongful acted complained of in this action.

122. As a result of the foregoing, Defendants participated in harming the corporation and have breached their fiduciary duties owed to it.  Defendant individually and collectively knowingly aided, encouraged, cooperated and/or participated in, and substantially assisted each other in the breaches of their fiduciary duties.

123. By reason of the foregoing, the corporation has sustained and will continue to sustain damages.

124. The defendant directors cannot be relied upon to reach a truly independent decision whether to commence the demanded action against themselves, as they are the officers for the misconduct alleged in this complaint.

**WHEREFORE**, CannapharmaRx, on behalf of himself and the corporation, prays for judgment as follows: that this Court will issue an order, awarding:

(a) restitution, disgorgement of all illicit proceeds generated as a result of the wrongful

conduct alleged in this Complaint;

(b) appropriate equitable relief, including any injunctive or declaratory relief necessary to

change and/or reform the corporation's corporate governance and policies;

(c) pre-judgment interest, as well as reasonably attorneys' fees and other costs;

(d) compensatory damages against Defendant in an amount to be proven at trial

(e) such relief as this Court may deem just and proper.


## COUNT 9
## BREACH OF WRITTEN CONTRACT

### *as to CannaPharmaRx, Inc.*

125. Cohen re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

126. Defendant, CannaPharmaRx, entered into a binding contract with Cohen for Cohen's

employment services.  The agreement was memorialized in writing.

127. The contract, which Cohen does not currently possess a copy of, but is in the hands of

the Defendant, was signed by Cohen, returned to the Defendant, and outlines the terms

and conditions of employment.

128. The employment contract required both Cohen and Defendant, CannaPharmaRx, Inc., to

do certain things for consideration.

129. Cohen was to receive compensation of r$15,000 per month, until the company has

raised, $25 million or more.  Once the company has raised at least $25 million, Mr.

Cohen is to be paid $23,000 per month.

130. The employment contract was for 36 months.

131. The Defendant has breached that agreement by firing Cohen and not paying him the compensation due to him.

132. There was no good cause to fire Cohen.

133. There was no reason to fire Cohen at all.

134. As a result of Defendant's breach of the employment contract, Cohen has sustained damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for breach of contract, for compensatory, economic damages, attorneys fees' and costs, pre-judgment interest, post-judgment interest, that the Defendant be required to perform the contract going forward, and all other damages permissible under the law, with an exact amount to be determined at trial and for such other relief as the Court deems just and proper.

### COUNT 10
### BREACH OF ORAL CONTRACT

*as to CannaPharmaRx, Inc.*

135. Cohen re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

136. Defendant, CannaPharmaRx, entered into a binding contract with Cohen for Cohen's employment services.

137. The employment contract required both Cohen and Defendant, CannaPharmaRx, Inc., to do certain things for considertion.

138. Cohen was to receive compensation of r$15,000 per month, until the company has

raised, $25 million or more.  Once the company has raised at least $25 million, Mr.

Cohen is to be paid $23,000 per month.

139. The employment contract was for 36 months.

140. The Defendant has breached that agreement by firing Cohen and not paying him the

compensation due to him.

141. There was no good cause to fire Cohen.

142. There was no reason to fire Cohen at all.

143. As a result of Defendant's breach of the employment contract, Cohen has sustained

damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for breach of contract,

for compensatory, economic damages, attorneys fees' and costs, pre-judgment interest, post-

judgment interest, that the Defendant be required to perform the contract going forward, and

all other damages permissible under the law, with an exact amount to be determined at trial

and for such other relief as the Court deems just and proper.

## COUNT 11

### WRONGFUL TERMINATION & RETALIATORY PERSONNEL ACTION IN VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT AT §448.102(3), FLORIDA STATUTES

144. Cohen re-alleges and incorporates paragraphs 1 through 60 as if fully stated herein.

145. At all relevant times, Cohen was an employee of CannaPharmaRx, Inc., within the

meaning of §448.101(2), Florida Statutes.

146. Florida's Whistleblower Act, §448.102, Florida Statutes, prohibits an employer from taking "any retaliatory personnel action against an employee because the employee has . . . (3) [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

147. Section 448.101(5), Florida Statutes, defines "retaliatory personnel action" as "the discharge, suspension, or demotion by an employer of an employee or any other adverse employment action taken by an employer against an employee in the terms and conditions of employment."

148. As detailed above, Cohen objected to, and refused to participate in, numerous activities, policies, and/or practices of Defendant which were and are in violation of laws, rules, and/or regulations.

149. Because of these objections and refusals by Cohen, Defendant took retaliatory personnel action against him; to wit, Defendant fired him.

150. Defendants' retaliatory personnel action against Cohen violates Florida's Whistleblower Act at §448.102(3), Florida Statutes.

WHEREFORE, Plaintiff, Gary Cohen, respectfully demands judgment against Defendant, CannaPharmaRx, Inc., for the following:

a)      under §448.103, Florida Statutes, an injunction restraining continued violation of the act,

b)      general damages,

c)      back pay,

d)      front pay in lieu of reinstatement,

e)      lost benefits and other remuneration with seniority rights, and

f)      compensatory damages;

g)      under §448.104, Florida Statutes, reasonable attorney's fees, court

costs, and expenses; and

h)      any other relief that this Court deems fair and equitable.


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

26

# VERIFICATION

I, Gary M. Cohen, declare that I have reviewed the Complaint and all of the allegations herein and I believe the allegations are true to the best of my knowledge.

_____

Gary M. Cohen

10/30/14
_____

Dated

Dated this 30th day of October, 2014, and respectfully submitted by:

Dale James Morgado, Esq.

for FELDMAN MORGAO PA

dmorgado@ffmlawgroup.com

140  Broadway, 46th Floor

New York, NY 10005

Tel. (212) 355-3555

Fax. (212) 991-8439

Counsel for the Plaintiff

IN THE CIRCUIT CIVIL COURT

*in and for* HILLSBOROUGH COUNTY, FLORIDA,

Case No.: 14-CA-010970

_____

Gary M. Cohen
CannaPharmaRx, Inc.
*as nominee Plaintiff for the underlying derivative action*

*Plaintiffs*

*-versus-*

Gary Herick
CannaPharmaRx, Inc

*Defendants*

_____

**PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY**

_____

Plaintiff, Gary M. Cohen, by and through counsel, requests that this Court enter an order to expedite discovery.  In support, he states:

1.      Plaintiff commenced this action on October 30, 2014.

2.      Defendant, CannaPharmaRx, Inc., was served with process on November 6, 2014.

3.      Defendant, Gary Herick, was served with process on November 7, 2014.

Page 1 of 4

4.     It is well-settled that trial courts are afforded "broad discretion" in scheduling discovery.[1]

5.     Accordingly, courts may expedite discovery if "good cause" is shown.[2]

6.     There is "good cause" to expedite discovery if "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[3]

7.     Here, there is good cause for expediting discovery.  For each day that Defendants are permitted to engage in fraudulent behavior, violate state and federal law, submit false information to state and federal agencies, and otherwise abuse the privileges of incorporation, CannaPharmaRx, Inc.'s shareholders suffer injuries.  Furthermore, given Defendants' categorical denials of Mr. Cohen's repeated requests for access to corporate records, and given the centrality of corporate records to this lawsuit, expedited discovery is needed to ensure Defendants do not destroy evidence in advance of ordinary discovery.[4]

8.     Defendants will not be prejudiced by an order expediting discovery.  Given that the majority Plaintiff's requests for production seek corporate records, it will not be unduly burdensome for Defendants to comply.  Moreover, given that expedited discovery is

---

[1] *See, e.g., Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).

[2] *Thyssenkrupp Elevator Corp. v. Hubbard*, 2013 U.S. Dist. LEXIS 66949, at *1 (M.D. Fla. May 10, 2013).

[3] *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)).

[4] *See United States v. Gachette*, 2014 U.S. Dist. LEXIS 136224, at *2 (M.D. Fla. Sept. 26, 2014) (finding good cause to expedite discovery where the defendants repeatedly refused to provide the plaintiffs with access to documents that were the subject of the litigation).

being requested promptly after the commencement of this lawsuit, Defendants are afforded ample time to fully investigate Plaintiff's claims and prepare for litigation.

9.      Accordingly, the benefits of expedited discovery substantially outweigh any prejudice to Defendants.

WHEREFORE, Plaintiff, Gary Cohen, respectfully requests that this Court enter an order expediting the responses due from the Plaintiff's First Set of Production Requests, Interrogatories and Requests Admissions.

Respectfully submitted this 11th day of November 2014,

<div style="margin-left:40%">

/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.
Feldman Morgado, P.A.
140 Broadway, 46th Floor
New York, NY 10005
P: (212) 991-8431
F: (212) 991-8439
E: **dmorgado@ffmlawgroup.com**

*Attorney for Plaintiff*

</div>

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on dated

noted below to Defendants, CannaPharmaRx, Inc. and Gary Herick, via email, fax,

and U.S. mail to:

      Kevin E. Griffith, Esq.
      Littler Mendelson, P.C.
      21 East State Street, 16th Floor
      Columbus, OH 43215
      P: 614-463-4210
      F: 614-737-9135
      E: kgriffith@littler.com

      Counsel for the Defendants


      Dated: 11/11/14


                  /s/ Dale J. Morgado, Esq.
                  Dale J. Morgado, Esq.
                  for Feldman Morgado, P.A.

                  *Attorney for Plaintiff*

IN THE CIRCUIT CIVIL COURT

*in and for* HILLSBOROUGH COUNTY, FLORIDA,

Case No.: 14-CA-010970

Gary M. Cohen

CannaPharmaRx, Inc.

*as nominee Plaintiff for the underlying derivative action  Plaintiffs*

-*versus*-

Gary Herick

CannaPharmaRx, Inc

*Defendants*

## PLAINTIFF'S NOTICE OF SERVING DISCOVERY ON DEFENDANT GARY HERICK

**PLEASE NOTE** that Plaintiff, Gary Cohen, has served his **First Set of**

**Interrogatories** on Defendant, Gary Herick, Inc. on November 17, 2014 via electronic mail,

fax, and regular mail to Defendant's counsel below:

Kevin E. Griffith, Esq.
Littler Mendelson, P.C
21 East State Street, 16th Floor
Columbus, OH 43215
P: 614-463-4210
F: 614-737-9135
E: kgriffith@littler.com

1

Respectfully submitted this 17th day of November 2014,

/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.

Feldman Morgado, P.A.
140 Broadway, 46th Floor
New York, NY 10005
P: (212) 991-8431
F: (212) 991-8439
E: dmorgado@ffmlawgroup.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to all counsel of

record by electronic mail using the Court's E-Portal, E-Filing System on November 17,

2014.  I also certify that copies have been provided by First Class Mail and Facsimile to:

Kevin E. Griffith, Esq.
Littler Mendelson, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
P: 614-463-4210
F: 614-737-9135
E: kgriffith@littler.com

*Counsel for the Defendants*

Dated: 11/17/14

/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.
for Feldman Morgado, P.A.

*Attorney for Plaintiff*

2

IN THE CIRCUIT CIVIL COURT

*in and for* HILLSBOROUGH COUNTY, FLORIDA,

Case No.: 14-CA-010970

Gary M. Cohen

CannaPharmaRx, Inc.

*as nominee Plaintiff for the underlying derivative action  Plaintiffs*

-*versus*-

Gary Herick

CannaPharmaRx, Inc

*Defendants*

## PLAINTIFF'S NOTICE OF SERVING DISCOVERY ON DEFENDANT CANNAPHARMARX

**PLEASE NOTE** that Plaintiff, Gary Cohen,  has  served  his **First Set of Interrogatories** on Defendant, CannaPharmaRx, Inc. on November 17, 2014 via electronic mail,  fax, and regular mail to Defendant's counsel below:

Kevin E. Griffith, Esq.
Littler Mendelson, P.C
21 East State Street, 16th Floor
Columbus, OH 43215
P: 614-463-4210
F: 614-737-9135
E: kgriffith@littler.com

1

/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.

Feldman Morgado, P.A.
140 Broadway, 46th Floor
New York, NY 10005
P: (212) 991-8431
F: (212) 991-8439
E: dmorgado@ffmlawgroup.com

*Counsel for the Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to all counsel of record by electronic mail using the Court's E-Portal, E-Filing System on November 17, 2014. I also certify that copies have been provided by First Class Mail and Facsimile to:

Kevin E. Griffith, Esq.
Littler Mendelson, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
P: 614-463-4210
F: 614-737-9135
E: kgriffith@littler.com

*Counsel for the Defendants*


Dated: 11/17/14


/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.
for Feldman Morgado, P.A.

*Attorney for Plaintiff*

2

IN THE CIRCUIT CIVIL COURT

*in and for* HILLSBOROUGH COUNTY, FLORIDA,

Case No.: 14-CA-010970

Gary M. Cohen

CannaPharmaRx,

Inc.

*as nominee Plaintiff for the underlying derivative action*

*Plaintiffs*

-*versus*-

Gary Herick

CannaPharmaRx, Inc

*Defendants*

## NOTICE OF TAKING DEPOSITION of
## GARY HERICK

TO:  Gary Herick and KEVIN E. GRIFFITH, ESQUIRE, LITTLER MENDELSON, P.C., 21 East State Street, Columbus, OH 43215, kgriffith@littler.com

YOU are hereby notified that at **10:00 a.m. on December 10, 2014 at the Law**

**Offices of FELDMAN MORGADO, PA, at 501 N. REO STREET, TAMPA, FLORIDA**

**33609.** that Plaintiff will take the depositions by oral examination for purposes of

discovery and for use as evidence in said cause, or both, of the following:

Page 1 of 3

## GARY HERICK

Said deposition will be taken before a Notary Public or any officer authorized to administer oaths by the laws of the State of Florida, and a person who is neither a relative, nor employee of such attorney or counsel, and who is not financially interested in the action, the deposition will be videotaped and it will be taken stenogrphically.

Said deposition to be taken pursuant to the Florida Rules of Civil Procedure in such cases provided. The said oral examinations will continue from hour to hour and from day to day until completed.

Respectfully submitted this 14TH day of November 2014,

/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.

Feldman Morgado, P.A.
140 Broadway, 46th Floor
New York, NY 10005
P: (212) 991--8431
F: (212) 991--8439
E: dmorgado@ffmlawgroup.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to all

counsel of record by electronic mail using the Court's E-Portal, E-Filing System

on November 14, 2014

GARY HERICK

Kevin E. Griffith, Esq.
Littler Mendelson, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
P: 614-463-4210
F: 614-7379135
E: kgriffith@littler.com

*Counsel for the Defendants*

Dated: 11/14/14

/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.
for Feldman Morgado, P.A.

*Attorney for Plaintiff*

IN THE CIRCUIT CIVIL COURT
*in and for* HILLSBOROUGH COUNTY, FLORIDA,

Case No.: 14-CA-010970

Gary M. Cohen CannaPharmaRx, Inc.
*as nominee Plaintiff for the underlying derivative action Plaintiffs*

-*versus*-

Gary Herick CannaPharmaRx, Inc

*Defendants*

## PLAINTIFF'S NOTICE OF SERVING DISCOVERY ON DEFENDANT CANNAPHARMARX, INC.

Plaintiff, Gary Cohen, has served his **First Set of Production Requests** on Defendant

CannaPharmaRx, Inc. this November 11, 2014 via electronic mail, fax, and regular mail to

Defendant's counsel below:

Kevin E. Griffith, Esq.
Littler Mendelson, P.C
21 East State Street, 16th Floor
Columbus, OH 43215
P: 614-463-4210
F: 614-737-9135
E: kgriffith@littler.com

Respectfully submitted this 11th day of November 2014,

/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.

Feldman Morgado, P.A.
140 Broadway, 46th Floor
New York, NY 10005
P: (212) 991-8431

1

F: (212) 991-8439
E: dmorgado@ffmlawgroup.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to all counsel of

record by electronic mail using the Court's E-Portal, E-Filing System on November 11,

2014, I also certify copies have been provided by First Class Mail and Facsimile to:

Kevin E. Griffith, Esq.
Littler Mendelson, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
P: 614-463-4210
F: 614-737-9135
E: kgriffith@littler.com

*Counsel for the Defendants*

Dated: 11/11/14

/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.
for Feldman Morgado, P.A.

*Attorney for Plaintiff*

2

IN THE CIRCUIT CIVIL COURT

*in and for* HILLSBOROUGH COUNTY, FLORIDA,

Case No.: 14-CA-010970

---

Gary M. Cohen

CannaPharmaRx, Inc.

*as nominee Plaintiff for the underlying derivative action*

*Plaintiffs*

-*versus*-

Gary Herick

CannaPharmaRx, Inc

*Defendants*

---

## COHEN'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Under Rule 1.350 of the Florida Rules of Civil Procedure, Plaintiff, Gary Cohen's propounds the following requests for production of documents to be produced by Defendant, CannaPharmaRx, Inc., at the offices of **Feldman Morgado, P.A., 140 Broadway, 46th Floor, Suite 4624, New York, NY 10005**, within 30 days of service.

Under Rule 1.350(b), **all** documents produced are to be segregated and identified by the request(s) to which they are primarily responsive. Documents that are stored or maintained in files in the normal course of business may be produced

Page 1 of 13

in such files or in such a manner as to preserve and identify the file from which such documents were taken.   However, if possible, we ask You to identify the request(s) the documents are primarily responsive to so that we can determine the sufficiency and completeness of Your response in an effort to avoid motions practice, including motions to compel under Rule 1.380(a).

> *We specifically request that You deliver to us the documents **via email or on a CD**.  Please DO NOT send us the records in paper form with a bill.   However, if for technical reasons You are unable to scan the documents and send them to us via email or on a CD, please notify us prior to copying the records.  We, like You, strive to keep costs in order.

Please make sure to **label Your documents** so that the parties can identify what was produced and to help evaluate whether production complies with the Florida Rules of Civil Procedure.

## INSTRUCTIONS & DEFINITIONS

A.     All definitions and rules of construction set forth in the Florida Rules of Civil Procedure and the Local Rules for this Court shall apply to all requests for documents herein.

B.     Unless otherwise indicated, each request is to be construed as encompassing all documents that pertain to the stated subject matter and to events that transpired during the "Relevant Time Period." The "Relevant Time Period" means the preceding 6 years from that date this action was filed.

C.     The terms "You," "Your," and "Yourself" as used herein shall mean and refer to the Defendant this Request is addressed to, its successors in interest, and all other persons acting or purporting to act on its behalf.

D.     "Document" means any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, electronic mail, online data, spreadsheets, computer back-up tapes, memory cards, CD-ROMs, DVDs, USB thumb and flash drives, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets,

calendar, diary, journal or day-timer entries, memoranda of telephone or personal conversations, memoranda of meetings or conferences, studies, reports, inter- and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made, including any documents on computer disks or hardware.   If multiple copies of a document exist, each copy, which is in any way not completely identical to a copy, which is being produced, should also be produced.   If documents or information are available on computer, a computer disk containing such information shall be produced.

E.      The term "all documents" shall be construed to mean every document as defined above, whether an original, a draft, or a copy, that is within Your possession, custody, control, or otherwise known to You.

F.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which otherwise might be construed to be outside their scope.

G.      The terms "any" and "all" shall be construed as necessary to bring within the scope of these requests any information which otherwise might be construed to be outside their scope.

H.      The terms "identify" and "identification" when used with respect to a natural person shall mean the provision of that person's name and last known residential and business address and telephone numbers.

I.      The terms "identify" and "identification" when used with respect to a non-natural person shall mean the provision of the name of the entity, its last known address and telephone number, the identification of its most senior executive, partner, or similar managing natural person, and the identification of the executive, officer, director, or partner most knowledgeable about the relevant request or document.

J.      The term "including" means "including, but not limited to."

K.      The terms "relating to" and "related to" shall mean constituting, consisting of, concerning, referring to, reflecting, or in any way logically or factually connected with the matter discussed, in whole or in part.

L.      "Communication" means any transmission, transfer, sharing or exchange of information or knowledge of any kind, orally, in writing, or in any other

manner by one with another at any time or place, and under any circumstances whatsoever.

M.     The terms "Job Category" and "Job Classification" refer to the descriptive names given by Defendant to a position. In other words, the Plaintiff's job title, as given by You, Defendant.

N.     The term "personnel file" shall mean all records relating or pertaining to a particular employee's employment with Defendant, as kept in the usual course of Defendant's business.

O.     The term "Defendant" refers to Defendant CannaPharmaRx, and the term "Defendant Herick" refers to Defendant Gary Herick.

P.     If You find the meaning of any term in these requests to be unclear, You should assume a reasonable meaning, state the meaning You have assumed, and produce documents on the basis of that assumed meaning.

Q.     Each paragraph herein should be construed independently and not with reference to any other paragraph for the purposes of limitation.

R.     Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa.

S.     If You withhold production of any document based on a claim of privilege or for any other reason, provide a log listing each such document withheld, and as to each such document:

    (i)     The date the document bears, if any;

    (ii)    The author of the document;

    (iii)   All recipients of the document or copies of the document, including, if known, all persons who have received the document or copies of the document, including those who are not listed or stated on the document itself;

    (iv)    The general nature of the document (e.g., memorandum, letter, handwritten note);

    (v)     The subject matter of the document, stated with sufficient detail to meet the requirements of Federal Rule of Civil Procedure 26(b)(5);

    (vi)    The statute, rule, decision, or other source providing the purported legal bases for Your withholding the document from

production, including whether the document is subject to the attorney-client privilege or work product doctrine; and

(vii)    The location of the file and identity of the person controlling the file from which every copy of such document has been removed for withholding, whether or not each copy is unique.

T.       If You know of any document responsive to these requests that is not in Your possession, custody, or control, for each such document identify the last individual You know to have had control of that document.

U.       Documents from any single file should be produced in the same order as they were found in such file.   If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

V.       If any document responsive to these requests has been destroyed, describe the document's content, the location of any copies of the document, the date of the document's destruction, and the name of the person who ordered or authorized the destruction.

W.       These requests shall be continuing and deemed to include any and all responsive documents within Your possession, custody, or control or within the possession, custody, or control of Your outside experts, attorneys, consultants, or other agents or advisers.

X.       If subsequent to the date You produce documents responsive to these requests You discover or receive additional documents that are responsive to these requests, promptly produce all such additional documents.

Y.       Again, we specifically request that You deliver to us the documents via electronic mail or CD.   Please DO NOT send us the records in paper form with a bill, as we will not pay for Your copy charges.   However, if You for some technical reason are unable to scan the documents and send them to us on a CD or via email, please notify us prior to copying the records.   We, like You, strive to keep costs in order. Too many entities are arbitrarily charging high costs for photocopies; and in today's electronic world, sending hard copies is unnecessary and costly to everyone.

Z.       If You withhold any documents on the basis that a request is overly broad, You are to state Your objection, and produce all those documents responsive to the request that are in Your possession, custody or control that *You believe* would make the request proper under the rules given that the standard is all those documents reasonably calculated to lead to admissible evidence. In other words, do not provide a blanket objection of "overly broad" and produce nothing responsive to the request.   Instead, identify and produce those documents responsive that You believe is proper so we can limit discovery disputes and motion practice.

## REQUESTS FOR PRODUCTION

1.  Plaintiff's complete personnel file.

2.  Defendant Herick's complete personnel file.

3.  Gerald Crocker's complete personnel file.

4.  James Smeeding's complete personnel file.

5.  Robert Liess's complete personnel file.

6.  Kathleen Wolf's complete personnel file.

7.  Defendant's Certificate of Incorporation.

8.  Any and all documents or communications relating to, referring to, describing, or otherwise discussing any and all changes to Defendant's Certificate of Incorporation.

9.  Defendant's bylaws.

10. Any and all documents or communications relating to, referring to, describing, or otherwise discussing any and all changes to Defendant's bylaws.

11. A list of Defendant's shareholders, along with their addresses.

12. Any and all internal documents or communications relating to, referring to, describing, or otherwise discussing Defendant's organizational structure, including but not limited to organization charts.

13. Any and all external documents or communications relating to, referring to, describing, or otherwise discussing Defendant's organizational structure, including but not limited to organization charts.

14. Any and all written job descriptions for each position held by Plaintiff while employed with Defendant, including Chief Operating Officer and President.

15. Any and all writings describing the responsibilities, duties, obligations, and general corporate role of members of Defendant's board of directors.

16. Any and all documents or communications relating to, referring to, describing, or otherwise discussing the identities of members of Defendant's board of directors.

17. Any and all documents or communications relating to, referring to, describing, or otherwise discussing any and all actions taken by the board of directors.

18. Any and all documents or communications relating to corporate practices, procedures, policies, and guidelines regarding the issuance of stock to board members.

19. Any and all corporate records relating to, referring to, describing, or otherwise discussing the issuance of stock to board members.

20. Any and all documents or communications relating to corporate practices, procedures, policies, and guidelines regarding the issuance of stock to shareholders.

21. Any and all corporate records relating to, referring to, describing, or otherwise discussing the issuance of stock to shareholders.

22. Any and all documents or communications relating to corporate practices, procedures, policies pertaining to corporate stock options.

23. Any and all corporate records relating to, referring to, describing, or otherwise discussing the provision of corporate stock options to Defendant's employees during the Relevant Time Period.

24. Any and all documents or communications relating to, referring to, describing, or otherwise discussing valuations of Defendant's stock during the Relevant Time Period.

25. Plaintiff's employment contract with Defendant.

26. Any and all documents or communications reflecting, relating to, referring to, describing, or otherwise discussing Plaintiff's employment contract with Defendant.

27. Any and all documents or communications relating to, referring to, describing, or otherwise discussing corporate ownership of Defendant.

28. Any and all documents or communications relating to, referring to, describing, or otherwise discussing internal rules and operating procedures governing Defendant's board of directors.

29. The minutes from any and all board meetings.

30. Any and all video recordings of any and all board meetings.

31. Any and all audio recordings of any and all board meetings.

32. Any and all voting records from any and all board meetings.

33. Any and all internal documents or communications describing Defendant's finances and financial data during the Relevant Time Period.

34. Any and all external documents or communications describing Defendant's finances and financial data during the Relevant Time Period.

35. Any and all documents or communications containing information Defendant reported to or filed with any federal or state agency, including but not limited to the Securities and Exchange Commission.

36. Any and all internal drafts of reports or filings made to any federal or state agency, including but not limited to the Securities and Exchange Commission.

37. Any and all corporate records relating or referring to the assignment of stock to Defendant's employees during the Relevant Time Period.

38. Any and all corporate records of changes made to the value of Defendant's stock *with* approval of the board of directors.

39. Any and all corporate records of changes made to the value of Defendant's stock *without* approval of the board of directors.

40. Any and all corporate records of changes made to Defendant's policies and procedures for assigning stock options *with* approval of the board of directors.

41. Any and all corporate records of changes made to Defendant's policies and procedures for assigning stock options *without* approval of the board of directors.

42. Any and all expense reports filed by Defendant Herick with Defendant during the Relevant Time Period.

43. Any and all corporate records relating to, referring to, describing, or otherwise discussing any and all changes to the location of official board meetings.

**44.** Any and all corporate records relating to, referring to, describing, or otherwise discussing any and all changes to the amount of directors comprising a quorum.

**45.** Any and all corporate records relating to, referring to, describing, or otherwise discussing any and all changes to the amount of votes required for the board of directors to take action.

**46.** Any and all corporate records relating to, referring to, describing, or otherwise discussing any and all changes in the form, timing, and content of the notice provided to board members before each board meeting.

**47.** Corporate handbooks or other documents setting forth Defendant's procedures for hiring and firing employees.

**48.** Corporate records regarding the compensation (including but not limited to salaries and stock options) given to corporate employees, including but not limited to Plaintiff, Defendant Herick, Gerald Crocker, James Smeeding, Robert Liess, and Kathleen Wolf.

**49.** Any and all documents or communications relating to, referring to, describing, or facilitating the merger agreement.

**50.** Any and all documents or communications relating to, referring to, describing, or otherwise discussing corporate investment opportunities.

**51.** Any and all corporate records relating to, referring to, describing, or otherwise discussing Defendant's acquisition of the pharmacy.

**52.** Defendant Herick's Private Placement Memorandum.

53. Any and all documents or communications referring to, relating to, describing, or otherwise discussing corporate procedures for overseeing the actions of Defendant's board of directors and/or officers.

54. Any and all documents or communications referring to, relating to, describing, or otherwise discussing corporate procedures for overseeing corporate compliance with state and federal law.

55. Any and all documents or communications relating to, referring to, describing, or otherwise discussing any corporate audits performed during the Relevant Time Period.

56. Defendant's tax records during the Relevant Time Period.

57. Any and all payroll records generated during the Relevant Time Period.

58. Any and all corporate records, documents, or communications referring to, relating to, describing, or otherwise discussing Plaintiff's request that Defendant Herick resign.

59. Any and all corporate directives and/or written consents.

60. Any and all corporate communications with investors during the Relevant Time Period.

61. Any and all of Defendant's financial statements, including profit and loss statements

62. Any and all documents or communications referring to, relating to, describing, or otherwise discussing Defendant Herick's direction to Defendant's board members, shareholders, and/or employees to:

1. Ignore emails sent by Plaintiff;

2.  Ignore Plaintiff's directives;

3.  Stop keeping journals of emails; and/or

4.  Use private email addresses, text messages, or phone calls to communicate with Plaintiff in order to avoid creating a corporate trail.

63. Any and all documents or communications relating to, referring to, describing, or otherwise discussing any agreement by Defendant to indemnify corporate officers or board members.

64. Any and all reports of indemnification.

65. Any and all documents or communications relating to, referring to, describing, or otherwise discussing the business street address(es) of Defendant's office(s).

66. Any and all documents or communications relating to, referring to, describing, or otherwise discussing the names and addresses of beneficial owners and/or stockholders.


Respectfully submitted this 11th day of November 2014,


/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.
Feldman Morgado, P.A.
140 Broadway, 46th Floor
New York, NY 10005
P: (212) 991-8431
F: (212) 991-8439
E: **dmorgado@ffmlawgroup.com**

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 11, 2014, a true and correct copy of the foregoing

was served on Defendant, CannaPharmaRx, Inc., via email, fax and U.S. mail.


/s/ Dale J. Morgado, Esq.
Dale J. Morgado, Esq.
*for* Feldman Morgado, P.A.

*Attorney for Plaintiff*

Filing # 20769960 Electronically Filed 11/20/2014 10:58:23 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

Gary M. Cohen, CannPharmaRX, Inc.
_____
Plaintiff(s)                                        Case No.: 14-CA-010970
vs

Gary Herick et. al.
_____
Defendant(s)                                        Division:         T

**SUMMONS**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on
defendant(s)  Golden Dragon Holding Co., c/o John Henry Schlie 7100 E. Belleview Avenue,
Ste. G-11, Greenwood Village, CO 80111

Each defendant is required to serve written defenses to the complaint or petition on Dale J. Morgado
plaintiff's attorney, whose address is 140 Broadway, 46th Fl., Ste. 4624, New York, NY 10005                within
20  days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the
defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant
fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
**DATED on**   NOVEMBER 20, 2014

Attorney:  Dale J. Morgado                          **PAT FRANK**
_____                      As Clerk of the Court
Attorney For:  Plaintiffs
_____
Address:  Feldman Morgado, P.A

140 Broadway, 46th Fl., Ste. 4624
_____                     By:  Anne Carney
New York, NY 10005                                  _____
_____
                                                    As Deputy Clerk
Florida Bar No:  64015                              P.O. Box 989                    800 E  Twiggs St
                                                    Tampa, FL 33601                 Room 530
                                                                                    Tampa FL 33602
                                                    (813)276-8100 extension 4365

Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or
one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40
days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.
**If you are a person with a disability who needs any accommodation in order to participate
in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.
Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St.,
Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled
court appearance, or immediately upon receiving this notification if the time before the
scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

Gary M. Cohen, CannPharmaRX, Inc.
_____     Case No.: 14-CA-010970
Plaintiff(s)
vs

Gary Herick et. al.
_____     Division:     T
Defendant(s)

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:
    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on
defendant(s) CannaPharmaRx, Inc. Acquisition Corp., c/o John Henry Schlie 7100 E. Belleview Ave

    Ste. G-11, Greenwood Village, CO 80111

    Each defendant is required to serve written defenses to the complaint or petition on Dale J. Morgado
plaintiff's attorney, whose address is 140 Broadway, 46th Fl., Ste. 4624, New York, NY 10005 _____ within
20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the
defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant
fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
**DATED** on NOVEMBER 20, 2014

Attorney: Dale J. Morgado              **PAT FRANK**
                                         As Clerk of the Court
Attorney For: Plaintiffs

Address: Feldman Morgado, P.A

140 Broadway, 46th Fl., Ste. 4624

                                       By: _Anne Carney_
New York, NY 10005

                                       As Deputy Clerk
Florida Bar No: 64015                  P.O. Box 989             800 E Twiggs St
                                       Tampa, FL 33601          Room 530
                                                                Tampa FL 33602
                                       (813)276-8100 extension 4365

    Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or
one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40
days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.
**If you are a person with a disability who needs any accommodation in order to participate
in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.
Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St.,
Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled
court appearance, or immediately upon receiving this notification if the time before the
scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant a son avocat) nomme ci-dessous.

Filing # 20789023 Electronically Filed 11/20/2014 10:38:23 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

Gary M. Cohen, CannPharmaRX, Inc.     Case No.: 14-CA-010970

Plaintiff(s)

vs

Gary Herick et. al.     Division: T

Defendant(s)

## SUMMONS

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

       **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s) CannaPharmaRx Inc., c/o John Henry Schlie 7100 E. Belleview Ave., Ste. G-11, Greenwood Village, CO 80111

       Each defendant is required to serve written defenses to the complaint or petition on Dale J. Morgado plaintiff's attorney, whose address is 140 Broadway, 46th Fl., Ste. 4624, New York, NY 10005 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on NOVEMBER 20, 2014      Text

Attorney: Dale J. Morgado

Attorney For: Plaintiffs

Address: Feldman Morgado, P.A

140 Broadway, 46th Fl., Ste. 4624

New York, NY 10005

Florida Bar No: 64015

**PAT FRANK**
As Clerk of the Court

By: *Anne Carney*

As Deputy Clerk
P.O. Box 989
Tampa, FL 33601

800 E Twiggs St
Room 530
Tampa FL 33602

(813)276-8100 extension 4365

    Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 20769023 Electronically Filed 11/20/2014 10:58:23 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

Gary M. Cohen, CannPharmaRX, Inc.

Plaintiff( s)

vs

Case No.: 14-CA-010970

Gary Herick et. al.

Defendant( s)

Division: T

- - - - - - - - - - - - - - - - - - - - - - -

SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant(s) Gerald Crocker, 43 Fredrick Boulevard, Swedesboro, New Jersey 08085

Each defendant is required to serve written defenses to the complaint or petition on Dale J. Morgado plaintiff's attorney, whose address is 140 Broadway, 46th Fl., Ste. 4624, New York, NY 10005 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on NOVEMBER 20, 2014

Attorney: Dale J. Morgado

Attorney For: Plaintiffs

- - - - - - - - - - - - - - - - - - - -

Address: Feldman Morgado, P.A

140 Broadway, 46th Fl., Ste. 4624

PAT FRANK
As Clerk of the Court

As Deputy Clerk
P.O. Box 989
Tampa, FL 33601

r1nN ClvNJJ1/

By:

New York, NY 10005

Florida Bar No: 64015

- - - - - - - - - - - - - -

800 E Twiggs St
Room 530
Tampa FL 33602
(813)276-8100 extension 4365

Except when suit is brought pursuant to section 768.28, Florida Statutes, ifthe State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled

court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Florida Rules of Civil Procedure Form 1.902(a), Summons *(06/10)*

Electronically Filed: Hillsborough County / is" Judicial Circuit

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiffs Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para conte star la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no 10 protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si 10 desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo a entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiffs Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

GARY M. COHEN,                          )
CANNAPHARMARX, INC. as nominee          )
Plaintiff for the underlying derivative )
action                                  )
                                        )
        Plaintiffs,                     )       CASE NO.: 2014-CA-10970
                                        )
v.                                      )
                                        )
GARY HERICK, CANNAPHARMARX,             )
INC.,                                   )

        Defendants.

---

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

Defendants Gary Herick ("Herick"), Gerald Crocker ("Crocker"), James Smeeding ("Smeeding"), Robert Liess ("Liess"), Mathew Sherwood ("Sherwood"), Golden Dragon Holding Co. ("Golden Dragon"), CannaPharmaRx, Inc. Acquisition Corp. ("CannaPharmaRx Acquisition") and CannaPharmaRx, Inc. ("CannaPharmaRx"), (collectively "Defendants"), pursuant to Rule 11 of the Federal Rules of Civil Procedure, and by and through its undersigned counsel, respectfully give notice to the Circuit Court in and for Hillsborough County, Florida as follows:

1.      Defendants have filed a Notice of Removal with the United States District Court for the Middle District of Florida, Tampa Division.   A copy of the Notice of Removal is attached hereto as Exhibit "A."

2.      Pursuant to the provisions of 28 U.S.C. § 1446, the filing of the Notice of Removal by Defendants in United States District Court for the Middle District of Florida effects the removal of this action from the Circuit Court's jurisdiction, and the Circuit

Court "shall proceed no further unless and until the case is remanded" by the federal court.  28 U.S.C. § 1446.

DATED this 25th day of November, 2014.

Respectfully submitted,

*/s/ Jeffrey B. Jones*
Jeffrey B. Jones, Esquire
Email: jbjones@littler.com
Florida Bar No.: 39950

Jason M. Leo, Esquire
Florida Bar No.: 59767
Email: jleo@littler.com

LITTLER MENDELSON, P.C.
111 N. Magnolia Avenue
Suite 1250
Orlando, FL  32801-2366
(407) 393-2900 (telephone)
(407) 393-2929 (facsimile)
E-mail:  jbjones@littler.com
E-mail:  afitzgerald@littler.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been filed via the Court's electronic filing system on November 25, 2014.   Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.   In addition, a copy of the foregoing, with attachments, was served by regular U.S. mail, postage pre-paid, upon:

Dale James Morgado, Esq.
Feldman Morgado PA
140 Broadway, 46th Floor
New York, NY 10005

*Attorneys for Plaintiff*

/s/ Ashley L. Fitzgerald
Ashley L. Fitzgerald

Firmwide:130148753.2 082574.1000

3