Filing # 20777889 Electronically Filed 11/19/2014 06:57:57 PM

Case No. 14-CA-010970

---

**IN THE CIRCUIT CIVIL COURT**
*in and for* **HILLSBOROUGH COUNTY FLORIDA**

---

Gary M. Cohen
CannaPharmaRx, Inc.

*as nominee Plaintiff for the underlying derivative action*

*Plaintiffs*

-versus-

Gary Herick
Gerald Crocker
James Smeeding
Robert Liess
Mathew Sherwood
Golden Dragon Holding Co.
CannaPharmaRx, Inc. Acquisition Corp.
CannaPharmaRx, Inc.

*Defendants*

---

**VERIFIED FIRST AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL**

---

Plaintiff, Gary M. Cohen, sues Defendants, CannaPharmaRx, Inc., CannaPharmaRx, Inc. Acquisition Corp., Golden Dragon Holding Co., Gary Herick, Gerald Crocker, James Smeeding, Robert Liess, and Mathew Sherwood.  In support, he states:

## INTRODUCTION

1. Gary Cohen, the founder and former President and Chief Operating Officer of CannaPharmaRx, Inc., was terminated when he asked his colleagues to be accountable to the law, to Company stockholders, and to each other.

2. For months, Mr. Cohen asked where certain stock had gone, who was it sold to, what price was it sold at, why the Company was not following the business plans it told its investors it would follow, why it was not following the law, why corporate officers were taking salaries but not working, where the Company records were located, and why the Company's financial information was not made available to anyone but Defendant, Gary Herick, and his selected cast.

3. Mr. Cohen explained to the Board of Directors that he refused to participate in their unlawful behavior and recommended a course of accountability to fix the problems with CannaPharmaRx, Inc.

4. But as the pressure mounted for Mr. Herick and the other Defendants to turn over the financials, explain their actions to the Company president, and cease their illegal activities, they conspired together to remove Mr. Cohen from his positions as President and Chief Operating Officer of CannaPharmaRx, Inc. and steal his stock, his ideas, his vision, and his professional work product.

2

5. Accordingly, Mr. Cohen brings this action to remedy *pervasive* breaches of fiduciary duty, gross corporate mismanagement, self-dealing, excessive self-compensation, misappropriation of corporate assets, preferential illicit distributions, failure to accede to an accounting, failure to disclose all material information (including corporate records), unfair dealing, breach of implied-in-fact contract, tortious interference with business relationships, unjust enrichment, conspiracy, and ouster — along with retaliatory discharge and various other forms of misconduct.

6. Indeed, Defendants concocted schemes to divert corporate assets to personally enrich themselves, at the expense of CannaPharmaRx, Inc. and its investors, including founder, President, and Chief Operating Officer, Plaintiff, Gary M. Cohen.

7. These schemes include: engaging in tax fraud, *e.g.*, improperly assigning Mr. Herick's personal expenses as company business expenses; wasting corporate assets; engaging in unlawful payroll practices, *e.g.*, failing to pay employee payroll taxes or withhold FICA and Social Security taxes; failure to perform minimal, if any, legitimate corporate duties; refusing to accede to Mr. Cohen's demands for an accounting and access to corporate records; and otherwise grossly mismanaging and wasting CannaPharmaRx, Inc.'s corporate assets and cutting Mr. Cohen and other shareholders out of corporate opportunities.

### PARTIES, JURISDICTION, AND VENUE

8. This is an action for damages in excess of $15,000, exclusive of interest, attorneys' fees, and costs. It is brought on behalf of CannaPharmaRx, Inc. and Gary M. Cohen, personally. Plaintiffs seek both money damages and injunctive relief.

9.    Plaintiff, Gary M. Cohen, was a resident of Hillsborough County, Florida at all times relevant to these claims.

10.    As of October 20, 2014, Mr. Cohen held the following titles with CannaPharmaRx, Inc.: Chief Operating Officer, President, and Member of the Board of Directors.

11.    Mr. Cohen is also the founder of the corporation and the architect of key corporate concepts.

12.    Mr. Cohen is also a shareholder of CannaPharmaRx, Inc.

13.    Mr. Cohen was issued 2.25 million shares of CannaPharmaRx, Inc.

14.    Currently, Mr. Cohen owns 2.25 million shares of CannaPharmaRx, Inc. stock, along with 750,000 in stock options.

15.    Mr. Cohen has an employment contract with CannaPharmaRx, Inc, which requires that he be paid $15,000 per month until the Company raises $25 million or more.  Once the Company has raised at least $25 million, Mr. Cohen is to be paid $23,000 per month.

16.    Mr. Cohen's employment contract is valid and binding.

17.    Mr. Cohen's employment contract is one of the company records that Mr. Herick is withholding from Mr. Cohen.

18.    As a result of Mr. Cohen's shares and his contract, he has every incentive to make sure that CannaPharmaRx, Inc. succeeds.  He is therefore the perfect person to stand in the shoes of the Company to see to it that its derivative action is fully litigated.

19.    Defendant, Gary Herick, is the Chief Financial Officer of CannaPharmaRx, Inc.  He lives at: 161 Bronco Drive, Edwards, Colorado 81620.  Between him and his so-called "company SEC" lawyer, they own the largest stake in the company at 16%.

20.    Mr. Herick owns at least 2.25 million shares of CannaPharmaRx, Inc. stock.

21.  Mr. Herick is also a Member of the Board of Directors.

22.  Defendant, Gerald Crocker, is the Chief Executive Officer of CannaPharmaRx, Inc.  He resides at 43 Fredrick Boulevard, Swedesboro, New Jersey 08085.  He is and was a Member of the Board of Directors of CannaPharmaRx, Inc. at all times relevant to this action.

23.  Defendant, James Smeeding, is the Vice President of Professional Services of CannaPharmaRx, Inc.  He resides at 4029 Gilbert Avenue, Dallas, Texas 75219.  He is and was a Member of the Board of Directors of CannaPharmaRx, Inc. at all times relevant to this action.

24.  Defendant, Robert Liess, is a Director of CannaPharmaRx.  He resides at 2602 West Sam Allen Road, Plant City, Florida, 33565-5046.  He is and was a Member of the Board of Directors of CannaPharmaRx, Inc. at all times relevant to this action.

25.  Defendant, Mathew Sherwood, is the Vice President of Product Development of CannaPharmaRx, Inc.  He resides at 1537 Rainbow Drive, Silverthorn, Colorado, 80598.  He became a Member of the Board of Directors of CannaPharmaRx, Inc. on October 23, 2014.

26.  CannaPharmaRx, Inc. is a for-profit corporation organized under the laws of the State of Colorado.  On May 15, 2014, it merged with Defendant, Golden Dragon Holding Co., and Defendant, CannaPharmaRx, Inc. Acquisition Corp., a wholly-owned subsidiary of Golden Dragon Holding Co.  Golden Dragon Holding Co. and CannaPharmaRx, Inc. Acquisition Corp. were organized under the laws of the State of Delaware.  CannaPharmaRx, Inc. conducts business in the State of Florida.

27.  At all times relevant to this action, CannaPharmaRx, Inc. operated an office in Hillsborough County.  This office was used by the parties to transact business in this State.

28. At the time Mr. Cohen was fired as President and Chief Operating Officer of CannaPharmaRx, Inc., the Board of Directors consisted of Plaintiff, Mr. Crocker, Mr. Smeeding, Mr. Herick, and Mr. Liess.

29. Mr. Sherwood has since become a Member of the Board of Directors of CannaPharmaRx, Inc.

30. This Court has jurisdiction under Fla. Stat. §26.012(a) and (c).  Venue is proper under Fla. Stat. §§ 47.011 and 47.05 because the causes of action accrued in Hillsborough County, Florida and because CannaPharmaRx, Inc. has, and usually keeps, an office for the transaction of customary business at 8615 Vivian Bass Way, Hillsborough County, Florida. As Fla. Stat. § 48.193 explains, by operating, engaging in, or carrying on any business or business venture in this state, by having an office or agency in this state, or by committing a tortious act within the state, one is subject to the jurisdiction of Florida trial courts.  The Company also employs individuals besides Mr. Cohen who work and live in Florida, including Mr. Liess.

**GENERAL ALLEGATIONS**

31. Mr. Cohen has retained the law offices of Feldman Morgado, P.A. to prosecute this action, and seeks to recover his reasonable attorneys' fees and costs.

32. This is both a direct action and a derivative action.

33. This is a direct action because Mr. Cohen has suffered special harm that is unique and personal to him.  His injuries are separate and distinct from those sustained by the other shareholders that Defendants have damaged.  For example, Mr. Cohen has suffered the loss

6

of good will for his ideas and reputation.  He has also lost out on other corporate opportunities, having accepted and relied upon misrepresentations by Defendants.

34. This is a derivative action because CannaPharmaRx, Inc. as a whole has been harmed due to Defendants' corporate waste, mismanagement, and breach of their fiduciary duties to investors as a whole.

35. Multiple demands have been made to remedy the corporate waste, for an accounting of corporate assets, for access to corporate records, and for Defendants to cease breaching the fiduciary duties they owe to the corporation, but these demands have fallen on deaf ears. Any further demands would be futile.

36. Mr. Herick owes a fiduciary duty to Cohen and CannaPharmaRx, Inc.

37. Mr. Herick's fiduciary duties to Mr. Cohen arise out of his status as Chief Financial Officer. For example, Mr. Herick has exclusive dominion over business accounts, finances, financial data, and reporting.[1]  Unfortunately, only Mr. Herick has enjoyed business opportunities from the CannaPharmaRx, Inc., at the expense of Mr. Cohen and the rest of its shareholders.

38. Mr. Herick breached his most basic duties as an officer and director of CannaPharmaRx, Inc., as well as his fiduciary duties of care and loyalty and the subsidiary duties of good faith, oversight, and disclosure to Mr. Cohen and corporate shareholders.

39. The duty of care generally requires directors to inform themselves of all material facts regarding a decision and to give matters due deliberation before taking action.

---

[1] *See*, *Garrer v. Perrson,* 543 F. Supp. 349 (M.D. Fla. 1988).

40. Mr. Herick breached these duties by taking unauthorized corporate action before informing the complete Board of Directors and other investors what was being done on behalf of CannaPharmaRx, Inc.

41. For example, Mr. Herick arbitrarily assigned stock to his wife and changed the amount of stock and stock options assigned to other employees without Board approval, without a Board meeting, and without special consent.

42. Mr. Herick refuses or prohibits action from being taken against employees who were negligent in their duties or who filed false expense reports.  For example, one corporate employee performed no work for months.  Although Mr. Cohen requested that the situation be remedied, Mr. Herick refused.

43. Indeed, the actions taken by Herick were not minor changes, but rather major changes to CannaPharmaRx, Inc.  In order to make such changes, an official Board meeting and quorum are required, votes must be cast, and notice must be given, among other requirements.

44. Essentially, Defendants have abandoned all semblance of corporate law.  The corporation is being operated as if Mr. Herick is a dictator.

45. Actions taken by Mr. Herick without informing the complete Board of Directors and corporate investors include, among others, hiring key executives, giving out six-figure salaries to these executives, doling out stock in large amounts without approval of the Board, entering into a merger agreement, sending out communications about investment opportunities, and attempting to acquire a pharmacy in a manner inapposite to the stated goals and mission of CannaPharmaRx, Inc.

8

46. Mr. Herick misappropriated funds.  For example, he paid a non-refundable $50,000 deposit to purchase a pharmacy that was not of the type investors were informed of and which went against the strategy of Mr. Cohen — the founder and visionary of CannaPharmaRx, Inc. The non-refundable deposit was also paid before adequate funding was in place.

47. The pharmacy is not appropriate for a number reasons.  Mr. Herick's true intent is to use the pharmacy for its earnings to artificially inflate the company's value.

48. Mr. Herick also stayed at fancy hotels, such as the Ritz Carlton, ate at lavish restaurants, and threw golf parties using corporate funds.

49. As described in the Private Placement Memorandum, Mr. Herick has also taken a $30,000 commission out of corporate funds for allegedly raising $3 million from investors, without investor or Board approval.

50. The duty of loyalty generally requires that directors act solely in furtherance of the best interests of a corporation and its shareholders.  Mr. Herick breached these duties by seeking to sponsor and ultimately sponsoring golf tournaments, refusing to take pay cuts, wildly spending corporate funds, having personal expenses paid by the corporation, not bringing all appropriate corporate opportunities to the attention of the Board and corporate investors, and otherwise not devoting his best efforts to the corporation.

51. The duty of oversight is a process-oriented duty that requires directors to act in good faith to establish an adequate system to monitor corporate compliance with legal obligations.  Mr. Herick breached these duties by failing to share accounting information, books and records, and corporate plans with all members of the Board and key shareholders.  Put simply, Mr.

Herick is ignoring corporate law altogether and failing to report his actions to the complete Board or to company shareholders.

52.  Mr. Herick has instigated insubordinate attempts to keep Mr. Cohen from leading the Company.  This hurts CannaPharmaRx, Inc. as well as its shareholders, who invested in the Company under the impression that Mr. Cohen would serve as its President, Chief Operating Officer, and visionary.  Indeed, Mr. Cohen is the most experienced executive when it comes to incubation and operating a business at the Company's current stage.

53.  No business judgment applies in this case because the Board is an *interested* board, and is therefore not independent.  Indeed, as a condition to receiving deferential review under the business judgment rule, individual directors making a decision must be disinterested and independent.  This means that business decisions made by boards of directors must be based entirely on the corporate merits of the transaction, and not influenced by personal or extraneous considerations.

54.  The CannaPharmaRx, Inc. Board of Directors is not independent and disinterested because Mr. Herick has bought the Board and a majority of shareholder votes by handing out contracts to vendors tied to Board members and issuing additional stock and pay to executives and Board members in an attempt to secure their voting rights.  Said differently, through unauthorized corporate action and illicit use of corporate funds, Mr. Herick has created a Board he controls.  Accordingly, the majority of Board members now follows his every move because of the perks he has promised and/or provided.

10

55. Indeed, a board member's personal self-interest in (and natural inclination toward) maximizing the value of a deal conflicts with his or her continuing obligation to serve the best interests of the corporation.

56. Mr. Herick has also routinely and inappropriately assigned highly personal expenses as CannaPharmaRx, Inc. business expenses, thus lowering his personal tax liability while enriching himself to the detriment of Mr. Cohen and other corporate shareholders.

57. In addition, he mislead shareholders and Mr. Cohen by guaranteeing that $100 million would be raised on or before October 2014.

58. Mr. Herick has also presented misleading information to investors.  For example, the Private Placement Memorandum contains misrepresentations as to the amounts of share held by various shareholders, as well as other misleading and false statements.

59. Due to Mr. Herick's gross misconduct, Plaintiff, then acting as President and Chief Operating Officer of CannaPharmaRx, Inc., requested that Mr. Herick resign from his position.

60. This request was made October 13, 2014.

61. Mr. Herick refused to resign his position.

62. Mr. Herick has paid employees in advance of their actually performing work (a poor practice standing alone) and has paid employees without withholding taxes, *e.g.*, payroll, Social Security, FICA, unemployment and workers' compensation (which is unlawful).

63. Mr. Cohen has objected to and refused to allow Mr. Herick to continue to pay employees without paying all appropriate taxes or other legally required withholdings.

64. Mr. Herick has also intentionally coached corporate employees to violate the Sarbanes Oxley Act.  For example, Mr. Herick instructed employees to: (a) ignore emails; (b)  ignore directives; (c) cease using a journal of emails; and (d) use private emails, text messaging, or phone to avoid corporate trails.  Such behavior is opposite to the Act's mandates and goals.

65. Defendants have not reported all stock sold by CannaPharmaRx, Inc. to the Securities and Exchange Commission or to all corporate investors.  To the contrary, Defendants have transferred stock at reduced prices and retained unregistered stock for use in manipulating stock price without disclosing these actions to the Securities and Exchange Commission or to corporate investors in the Private Placement Memorandum.

66. Additionally, rather than spending profits, Defendants have instead dissipated shareholder equity cash funds.

67. Mr. Herick, through and with shareholder Michael Littman, also uses interested transfer agents, persons, and other companies to falsely inflate company stock and create a market that does not exist.  Mr. Cohen threatened to expose their scheme.

68. Defendants attempted to buy Mr. Cohen's silence by making him a lucrative offer in exchange for his confidentiality about Defendants' violations of law.

**COUNT I**
**BREACH OF FIDUCIARY DUTY**
*as to Defendants Herick, Crocker, Smeeding, Liess, and Sherwood*

69. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

70. Mr. Cohen and Defendants share a relationship whereby Mr. Cohen reposes trust and confidence in Defendants to conduct business in the best interests of the shareholders of CannaPharmaRx, Inc.

12

71. Defendants undertake such trust and assume a duty to advise, counsel, and protect Mr. Cohen and corporate shareholders.

72. As explained in the detailed paragraphs above, Defendants breached their fiduciary duties to Mr. Cohen and to the corporate shareholders.

73. For example, Defendants continue to enrich themselves to the shareholders' detriment by continuing to refuse Mr. Cohen's demands for an accounting, continuing to grossly mismanaging affairs, and continuing to waste corporate assets.

74. Mr. Herick is also improperly influencing members of the Board and other key employees, through false promises, deception, and lies, to support inappropriate company initiatives that its investors do not approve of.

75. Defendants' breach caused Mr. Cohen and corporate shareholders to suffer damages in the past and will continue into the future.

76. A breach of fiduciary duty can be either intentional or negligent.[2]

**WHEREFORE,** Mr. Cohen demands judgment against Defendants for compensatory damages, including disgorging corporate profits and distributions which Defendants have personally attained, along with pre-judgment and post judgment interest, with damages to be determined at trial, and for such other further relief as the Court deems just and proper.[3]

---

[2] *See Palafrugell Holdings, Inc. v. Cassel,* 825 So.2d 937 (Fla. 3d DCA 2001).

[3] *See Mortellite v American Tower, L.P.,* 819 So.2d 928 (Fla. 2d DCA 2002) (punitive damages allowed in such a claim).

13

## COUNT II
## EQUITABLE ACCOUNTING
*as to Defendants CannaPharmaRx, Inc., CannaPharmaRx, Inc. Acquisition Corp.,*
*Golden Dragon Holding Co., and Herick*

77. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

78. Mr. Cohen and Defendants share a fiduciary relationship.

79. Mr. Cohen and Defendants have entered into numerous complex transactions.

80. Mr. Herick, as Chief Financial Officer, has access to all of CannaPharmaRx, Inc.'s accounts, books, and records.

81. Mr. Herick is the only signer on the Company bank accounts.

82. Mr. Herick has some of the materials needed for an accounting in his exclusive control.

83. Despite Mr. Cohen's numerous requests for an accounting, on behalf of both himself and CannaPharmaRx, Inc., Mr. Herick refuses to facilitate a full accounting.

84. A remedy at law would be inadequate.

**WHEREFORE,** Mr. Cohen demands an accounting of Defendants' affairs, including their books, corporate records, stock records, and accounts, and damages against Mr. Herick for his refusal to provide an accounting and making this action necessary.  Mr. Cohen also requests the payment of attorneys' fees for having to file this claim.

## COUNT III
## BREACH OF DUTY OF GOOD FAITH,
## DUTY OF LOYALTY & DUTY OF CARE
*as to Defendants Herick, Crocker, Smeeding, Liess, and Sherwood*

85. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

86. Florida law expressly imposes duties of good faith, loyalty and care.[4]

---

[4] Fla. Stat. § 607.08310(1); *see also FDIC v. Stahi,* 854 F. Supp. 1565, 1571 (S.D. Fla. 1994).

87. These duties require directors and/or managing shareholders to be diligent and prudent in managing the corporation's affairs. Additionally, managing shareholders must always act in the best interests of the corporation.[5]

88. Defendants' gross corporate mismanagement, self-dealing, excessive self-compensation, preferential illicit distributions, failure to accede to an accounting, failure to disclose all material information (including corporate records), and unfair dealing constitute breaches of the duties of loyalty, care, and good faith.

89. Indeed, upon information and belief, Mr. Herick, in the past and the present, has made excessive preferential and illicit distributions to himself.

90. Mr. Herick squeezed Mr. Cohen out of the operations and enjoyment of CannaPharmaRx, Inc. without consideration and/or compensation.

91. Mr. Herick has also intentionally coached employees to violate the Sarbanes Oxley Act. For example, he instructed employees to not respond to corporate emails or directives.

92. Mr. Herick has paid employees in advance of their performance of work and without withholding taxes, *e.g.*, for payroll, Social Security, FICA, unemployment and workers' compensation, which is unlawful.

93. Mr. Cohen objected to Mr. Herick's improper business practices. However, Mr. Herick has continued to violate the law and pay employees without withholding taxes.

94. Mr. Herick has also usurped corporate opportunities.

---

[5] *Citizens State Bank v. Adams,* 140 Fla. 578. (Fla. 1940).

15

95. In engaging in these acts, Defendants have acted purposefully, maliciously, and with wanton or reckless disregard for Mr. Cohen's rights and interests, in derogation of their duties of loyalty, care and good faith.

96. As there was no legitimate business purpose for Defendants' actions, they constitute breaches of the duties of loyalty, care and good faith.

**WHEREFORE,** Mr. Cohen demands judgment against Defendants for compensatory damages, including disgorging corporate profits and distributions which Defendants have personally attained, along with pre-judgment and post judgment interest, with damages to be determined at trial and for such other further relief as the Court deems just and proper.

**COUNT IV**
**ABUSE OF CONTROL**
*as to Defendant Herick*

97. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

98. Mr. Herick, through his position of power and control of CannaPharmaRx, Inc., and through the shares owned and controlled by him, engaged in the conduct set forth in paragraphs 1 through 68 for the purposes of maintaining, enriching, and entrenching himself in a position of power and profit to control CannaPharmaRx, Inc., to the detriment of Mr. Cohen, so that he would continue to receive the substantial benefits, salaries, and emoluments associated with his position.

99. Mr. Herick's course of conduct constituted an abuse of his position and shares to control and influence CannaPharmaRx, Inc.

100. As a result, Mr. Cohen and CannaPharmaRx, Inc.'s shareholders have been damaged.

**WHEREFORE,** Mr. Cohen demands judgment against Mr. Herick for compensatory damages, including disgorging corporate profits and distributions which Mr. Herick has personally attained, along with pre-judgment and post judgment interest, with damages to be determined at trial and for such other further relief as the Court deems just and proper.

**COUNT V**
**CONVERSION**
*as to all Defendants*

101. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

102. In the past and continuing to the present, upon information and belief, Defendants converted Mr. Cohen's property for his own benefit.

103. The property converted by Defendants includes, but is not limited to, Mr. Cohen's stock and the right to receive benefits associated with the Company shares.  Said deprivation is inconsistent with Mr. Cohen's ownership interest in CannaPharmaRx, Inc.

104. Defendants have converted Mr. Cohen's stock into their own.

105. The actions by Defendants, in this regard, were not acts of CannaPharmaRx, Inc. or of directors or officers carrying out corporate obligations and responsibilities, but individual tortious acts taken by Defendants for their own benefit with knowledge that such acts would be harmful to Mr. Cohen.

106. Defendants acted with knowledge and intended for their acts to cause damage to Mr. Cohen.

107. Defendants consciously, maliciously, and intentionally deprived Mr. Cohen of both his shareholder rights and his property.

17

**WHEREFORE,** Mr. Cohen demands judgment against Defendants for compensatory damages, including pre-judgment and post judgment interest, and for such other further relief as the Court deems just and proper.

**COUNT VI**
**MISAPPROPRIATION OF BUSINESS OPPORTUNITIES**
*as to Defendant Herick*

108. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

109. Mr. Herick had a fiduciary duty to at least disclose to Mr. Cohen *any available* business opportunities in which CannaPharmaRx, Inc. might have an interest or expectance.

110. Mr. Herick had knowledge of business opportunities that properly belonged to CannaPharmaRx, Inc.

111. In the past and continuing until the present, Mr. Herick failed to disclose any business opportunities to Mr. Cohen that might have been or would have been available to CannaPharmaRx, Inc.

112.  Such business opportunities include, but are not limited to, allowing Mr. Cohen to accept or reject the acquisition of  Ward Road pharmacy (which is against the investors' Private Placement Memorandum) and stating that the Company would acquire compounding pharmacies, not long-term-care, closed-door pharmacies.

113. Mr. Herick has not allowed Mr. Cohen or other shareholders the opportunity to participate in investor meetings, and has ignored Mr. Cohen's advice on a capitalization plan.

114. Mr. Herick has also arbitrarily assigned Mr. Crocker as CannaPharmaRx, Inc.'s Chief Executive Officer, even though Mr. Cohen employed most Board members before Mr. Herick was involved with the Company and better understood their skill sets and value.

18

115. Failure to disclose business opportunities is a failure to perform and a breach of duty by Mr. Herick, as majority shareholder.

**WHEREFORE,** Mr. Cohen demands judgment against Mr. Herick for compensatory damages, including disgorging corporate profits and distributions which Mr. Herick has personally attained, along with pre-judgment and post judgment interest, with damages to be determined at trial and for such other further relief as the Court deems just and proper.

## COUNT VII
## DEFALCATION
*as to Defendant Herick*

116. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

117. Both factually and as a matter of law at all times material hereto, Mr. Cohen placed trust and confidence in Mr. Herick, the controlling majority shareholder, that he would maintain and preserve the business and interest of the CannaPharmaRx, Inc. for its shareholders.

118. Indeed, Mr. Herick represented that he would look after the interests of CannaPharmaRx, Inc.

119. As a matter of law, an express trust was created because Mr. Herick, the controlling shareholder of CannaPharmaRx, Inc., was also Chief Financial Officer.

120. As controlling and managing shareholder, Mr. Herick acted as a trustee for the corporation.

121. Mr. Cohen, based on information and belief, alleges that Mr. Herick intentionally used his and the Company's property to acquire business opportunities.

122. In the alternative, Mr. Cohen, based on information and belief, alleges that Mr. Herick as controlling and majority shareholder used and had dominion and control over proceeds from a divestiture that Mr. Cohen never received.

19

**WHEREFORE**, Mr. Cohen demands judgment against Mr. Herick for compensatory damages, including disgorging corporate profits and distributions which Mr. Herick has personally attained, along with pre-judgment and post judgment interest, with damages to be determined at trial and for such other further relief as the Court deems just and proper.

**COUNT VIII**
**BREACH OF WRITTEN CONTRACT**
*as to Defendants CannaPharmaRx, Inc., CannaPharmaRx, Inc. Acquisition Corp.,*
*and Golden Dragon Holding Co.*

123. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

124. Defendants entered into a binding contract with Mr. Cohen for Mr. Cohen's employment services.  The agreement was memorialized in writing.

125. The contract, which is in Defendants' possession, was signed by Mr. Cohen and returned to Defendants.  It outlines the terms and conditions of Mr. Cohen's employment with CannaPharmaRx, Inc.

126. The employment contract required Mr. Cohen and Defendants to perform certain acts in exchange for consideration.

127. Mr. Cohen was to receive compensation of $15,000 per month, until the company raised $25 million or more.  Once the company raised at least $25 million, Mr. Cohen was to be paid $23,000 per month.

128. The employment contract was for a 36-month term of employment.

129. Defendants materially breached the employment contract by firing Mr. Cohen and not paying the compensation due to him.

130. There was no good cause to fire Mr. Cohen.

20

131. There was no reason to fire Mr. Cohen at all.

132. As a result of Defendants' breach of contract, Mr. Cohen sustained damages.

**WHEREFORE**, Mr. Cohen demands judgment against Defendants for breach of contract and seeks compensatory damages, economic damages, attorneys fees' and costs, pre-judgment interest, post-judgment interest, that Defendants be required to perform the contract going forward, and all other damages permissible under the law, with an exact amount to be determined at trial and for such other relief as the Court deems just and proper.

**COUNT IX**
**BREACH OF ORAL CONTRACT**
*as to Defendants CannaPharmaRx, Inc., CannaPharmaRx, Inc. Acquisition Corp.,*
*and Golden Dragon Holding Co.*

133. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

134. Defendants entered into a binding contract with Mr. Cohen for Mr. Cohen's employment services.

135. The employment contract required Mr. Cohen and Defendants to perform certain acts in exchange for consideration.

136.  Mr. Cohen was to receive compensation of $15,000 per month, until the Company raised $25 million or more.  Once the Company raised at least $25 million, Mr. Cohen was to be paid $23,000 per month.

137. The employment contract was for a 36-month term of employment.

138. Defendants materially breached the employment contract by firing Mr. Cohen and not paying him the compensation due to him.

139. There was no good cause to fire Mr. Cohen.

21

140. There was no reason to fire Mr. Cohen at all.

141. As a result of Defendants' breach of contract, Mr. Cohen has sustained damages.

**WHEREFORE**, Mr. Cohen demands judgment against Defendants for breach of contract, and seeks compensatory damages, economic damages, attorneys fees' and costs, pre-judgment interest, post-judgment interest, that Defendants be required to perform the contract going forward, and all other damages permissible under the law, with an exact amount to be determined at trial and for such other relief as the Court deems just and proper.

**COUNT X**
**BREACH OF IMPLIED-IN-FACT CONTRACT**
*as to Defendants CannaPharmaRx, Inc., CannaPharmaRx, Inc. Acquisition Corp.,*
*and Golden Dragon Holding Co.*

142. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

143. An implied-in-fact contract is an enforceable contract based on a tacit promise that can be inferred in whole or in part from parties' actions.[6]

144. Mr. Cohen and Defendants willingly entered into a contract for Mr. Cohen's employment with CannaPharmaRx, Inc. in exchange for payment and gainful professional opportunities.

145. During Mr. Cohen's employment with CannaPharmaRx, Inc., Mr. Cohen provided professional services and, in return, was compensated with a salary, shares of stock, stock options, and numerous professional opportunities.

---

[6] *See New York Life Ins. Co. v. K N Energy, Inc.*, 80 F.3d 405, 412 (10th Cir. 1996) (emphasizing that an implied-in-fact contract may arise from "conduct of the parties which evidences a mutual intention to contract with each other") (quoting *Tuttle v. ANR Freight System, Inc.*, 797 P.2d 825, 829 (Colo. Ct. App. 1990)).

146. Defendants materially breached the parties' implied-in-fact contract when Mr. Cohen's employment as President and Chief Operating Officer was terminated for no reason other than his advocacy for corporate interests.

147. Mr. Cohen has been, and will increasingly continue to be, damaged by Defendants' breach of implied-in-fact contract.

**WHEREFORE**, Mr. Cohen demands judgment against Defendants for compensatory damages, including disgorging corporate profits and distributions which Defendants personally attained, along with pre- and post-judgment interest, with damages to be determined at trial, and for such other further relief as the Court deems just and proper.

## COUNT XI
## BREACH OF IMPLIED-IN-LAW CONTRACT
### *as to all Defendants*

148. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

149. Contracts implied-in-law are obligations imposed by law on the basis of principles of justice and equity, and do not rest on the assent of contracting parties.[7]

150. Mr. Cohen fully performed his duties under his contract with CannaPharmaRx, Inc.

151. Mr. Cohen conferred substantial benefits on Defendants, including but not limited to financial contributions, business know-how, unique management experience, and founding CannaPharmaRx, Inc. in the first place.

152. Defendants were obligated to honor their fiduciary responsibilities to Mr. Cohen as members of the Company's Board of Directors and as corporate officers, as well as to act in good faith and engage in fair dealing.

---

[7] *Tipper v. Great Lakes Chem. Co.*, 281 So. 3d 10, 13 (Fla. 1973).

153. Instead, Defendants failed to transact business in the best interest of CannaPharmaRx, Inc.'s shareholders, grossly mismanaged corporate affairs, and supported and promoted improper initiatives without first obtaining shareholder or investor approval.

154. In so doing, Defendants materially breached their implied-in-law contract with Mr. Cohen and CannaPharmaRx, Inc.'s shareholders.

155. As a result of Defendants' actions, Mr. Cohen suffered substantial damages.

156. The circumstances are such that it would be inequitable for Defendants to retain the benefits bestowed on them by Mr. Cohen without fully compensating Mr. Cohen for the damages he sustained.

**WHEREFORE**, Mr. Cohen demands judgment against Defendants for compensatory damages, including disgorging corporate profits and distributions which Defendants personally attained, along with pre- and post-judgment interest, with damages to be determined at trial, and for such other further relief as the Court deems just and proper.

**COUNT XII**
**TORTIOUS INTERFERENCE WITH**
**ADVANTAGEOUS BUSINESS RELATIONSHIPS**
*as to Defendants Herick, Crocker, Smeeding, Liess, and Sherwood*

157. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

158. Defendants were aware of the existence of an advantageous business relationship between Mr. Cohen and CannaPharmaRx, Inc., as well as the Company's investors and shareholders.

159. In removing Mr. Cohen from his positions as President and Chief Operating Officer and otherwise minimizing his corporate role, Defendants directly and intentionally interfered with Mr. Cohen's financial and professional opportunities with the Company.

160. Moreover, by urging Company employees, investors, and shareholders not to work with Mr. Cohen, Defendants directly and intentionally interfered with Mr. Cohen's advantageous business relations and good will.

161. Defendants' tortious interference with Cohen's advantageous business relations was malicious, willful, and intended to injure Cohen in his trade or business.

162. As a direct and proximate result of Defendants' intentional interference with Cohen's advantageous business relations, Mr. Cohen suffered substantial damages.

WHEREFORE, Mr. Cohen demands judgment against Defendants for compensatory damages, including disgorging corporate profits and distributions which Defendants personally attained, along with pre- and post-judgment interest, with damages to be determined at trial, and for such other further relief as the Court deems just and proper.

**COUNT XIII**
**UNJUST ENRICHMENT**
*as to all Defendants*

163. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

164. Throughout his employment with CannaPharmaRx, Inc., Mr. Cohen conferred substantial benefits on Defendants, including but not limited to financial contributions, business know-how, unique management experience, and founding CannaPharmaRx, Inc. in the first place.

165. Defendants knowingly accepted the benefits Mr. Cohen bestowed on them.

166. In response to Mr. Cohen's contributions, Defendants removed Mr. Cohen from his positions as President and Chief Operating Officer, drastically limited his role with the Company, interfered with his business relationships, and usurped his corporate and financial opportunities.

167. The circumstances are such that it would be inequitable for Defendants to retain the benefits bestowed on them by Mr. Cohen without fully compensating Mr. Cohen for the damages he has sustained.

**WHEREFORE**, Mr. Cohen demands judgment against Defendants for compensatory damages, including disgorging corporate profits and distributions which Defendants personally attained, along with pre- and post-judgment interest, with damages to be determined at trial, and for such other further relief as the Court deems just and proper.

**COUNT XIV**
**CONSPIRACY**
*as to all Defendants*

168. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

169. Defendants conspired to engage in improper business practices, to commit gross violations of Florida law, to violate the Sarbanes-Oxley Act, and to file falsified documents with the Securities and Exchange Commission.

170. In addition, Defendants conspired to falsely inflate the value of CannaPharmaRx, Inc. stock for their personal gain by transferring stock at reduced prices, without reporting such transfers in the Private Placement Memorandum or to the Securities and Exchange Commission, and by retaining unregistered stock for use in manipulating stock price.

171. Defendants also conspired to improperly remove Mr. Cohen from his positions as President and Chief Operating Officer of CannaPharmaRx, Inc.

172. Defendants' conspiracy and resulting acts have caused Mr. Cohen to suffer damages, including but not limited to loss of revenue, loss of control of a company he founded, loss of advantageous business relationships, and loss of good will.

173. It is well-settled that conspirators are jointly and severally liable for co-conspirators' acts.[8]

174. It is also "fundamental" that "the corporate veil may be pierced and [a] shareholder held liable for the corporation's conduct when, *inter alia*, the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the shareholder's behalf."[9]

**WHEREFORE**, Mr. Cohen demands judgment against Defendants for compensatory damages, including disgorging corporate profits and distributions which Defendants personally attained, along with pre- and post-judgment interest, with damages to be determined at trial, and for such other further relief as the Court deems just and proper.

**COUNT XV**
**OUSTER**
*as to Defendants Herick, Crocker, Smeeding, Liess, and Sherwood*

175. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

176. Upon gaining awareness of the illicit activities conducted by Defendants, including but not limited to misappropriation of assets and corporate mismanagement, Mr. Cohen requested that they honor their fiduciary obligations to the corporation and cease their illegal conduct.

177. Mr. Cohen also requested access to corporate records for reasonable inspection.

178. In response, Defendants summarily removed Mr. Cohen from his positions as President and Chief Operating Officer of CannaPharmaRx, Inc.

---

[8] *See, e.g., United States v. Martinez*, 610 F.3d 1216 (10th Cir. 2006) (affirming that one may be held jointly and severally liable for the actions of his co-conspirator).

[9] *United States v. Bestfoods*, 524 U.S. 51, 62 (1998).

179. Members of a corporation's board of directors and corporate officers have a duty to one another and to the corporation itself.[10]

180. Furthermore, under Fla. Stat. § 607.1602, corporate shareholders are "entitled to inspect and copy, during regular business hours at the corporation's principal office, any of the records of the corporation," provided that adequate notice is given, the demand is made "in good faith and for a proper purpose," the demand is reasonably particularized, and the records are "directly connected with the shareholder's purpose."

181. Mr. Cohen did not engage in any wrongdoing that would justify his removal from his positions as President and Chief Operating Officer.

**WHEREFORE**, Mr. Cohen demands judgment against Defendants for compensatory damages, including disgorging corporate profits and distributions which Defendants personally attained, along with pre- and post-judgment interest, with damages to be determined at trial, and for such other further relief as the Court deems just and proper.

**COUNT XVI**
**WRONGFUL TERMINATION & RETALIATORY PERSONNEL ACTION**
**IN VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT**
**Fla. Stat. § 448.102(3)**
*as to all Defendants*

182. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

183. At all relevant times, Mr. Cohen was an employee of CannaPharmaRx, Inc., within the meaning of Fla. Stat. § 448.101(2).

184. Fla. Stat. § 448.102(3) prohibits an employer from taking "any retaliatory personnel action against an employee because the employee has . . . (3) [o]bjected to, or refused to participate

---

[10] *See, e.g., Fountainview Assoc. v. Bell*, 214 So. 2d 609, 610 (Fla. 1968).

in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

185. Fla. Stat. § 448.101(5) defines "retaliatory personnel action" as "the discharge, suspension, or demotion by an employer of an employee or any other adverse employment action taken by an employer against an employee in the terms and conditions of employment."

186. As detailed above, Mr. Cohen objected to, and refused to participate in, numerous activities, policies, and/or practices of Defendants which were and are in violation of laws, rules, and/or regulations.

187. Because of these objections, Defendants took retaliatory personnel action against him.  To wit, Defendants fired him.

188. Defendants' retaliatory personnel action against Mr. Cohen violates Fla. Stat. § 448.102(3).

**WHEREFORE**, Mr. Cohen demands judgment against Defendants for compensatory damages, including pre-judgment and post judgment interest, and for such other further relief as the Court deems just and proper.

**COUNT XVII**
**DECLARATORY JUDGMENT**
*as to all Defendants*

189. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

190. Mr. Cohen requests that this Court determine the rights and obligations of the parties and relieve them from any uncertainty with respect to: (1) Mr. Cohen's ownership of at least 2.25 million shares of stock in CannaPharmaRx, Inc.; (2) Defendants' lack of legal authority to seize Mr. Cohen's shares of stock in CannaPharmaRx, Inc.; and (3) Defendants' lack of

29

legal authority to otherwise compel Mr. Cohen to deliver his shares of stock in CannaPharmaRx, Inc.

191. Mr. Cohen owned at least 2.25 million shares of stock in CannaPharmaRx, Inc. at the time he was removed from his positions as President and Chief Operating Officer.

192. Mr. Cohen currently owns at least 2.25 million shares of stock in CannaPharmaRx, Inc.

193. Mr. Cohen has not signed over the rights to his shares of stock in CannaPharmaRx, Inc to Defendants, nor does he intend to do so.

194. Defendants seek to seize Mr. Cohen's shares of stock in CannaPharmaRx, Inc.

**WHEREFORE**, Plaintiff requests that this Court grant judgment declaring: (1) that Mr. Cohen continues to have ownership rights in at least 2.25 million shares of stock in CannaPharmaRx, Inc.; (2) that Defendants do not have the legal authority to seize Mr. Cohen's shares of stock in CannaPharmaRx, Inc.; and (3) that Mr. Cohen is not legally obligated to deliver his shares of stock in CannaPharmaRx, Inc. to Defendants.

## COUNT XVIII
### TEMPORARY AND PERMANENT INJUNCTIVE RELIEF
*as to all Defendants*

195. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

196. In Florida, a preliminary injunction is justified if the party seeking relief can demonstrate "the likelihood of irreparable harm, the lack of an adequate remedy at law, the substantial likelihood of success on the merits, and public interest considerations."[11]

---

[11] *Charlotte Cnty. v. Vetter*, 863 So. 2d 465, 468-69 (Fla. 2d DCA 2004).

30

197. A court may enter a permanent injunction once a case is "at issue."[12]

198. For each day that Defendants are permitted to engage in fraudulent behavior, violate state and federal law, submit false information to state and federal agencies, and otherwise abuse the privileges of incorporation, Mr. Cohen and CannaPharmaRx, Inc.'s shareholders suffer irreparable pocketbook injuries.

199. Furthermore, for each day that Mr. Cohen is removed from his rightful positions as President and Chief Operating Officer of CannaPharmaRx, Inc., a company he founded, he suffers irreparable personal and professional harm.

200. Given the ever-increasing nature of the personal, professional, and reputational harm suffered by Mr. Cohen and CannaPharmaRx, Inc.'s shareholders as a result of Defendants' ongoing violations of the law, a remedy at law would be inadequate.

201. The overwhelming weight of the evidence unmistakably establishes that Defendants committed the above-alleged wrongs.  As such, there is a substantial likelihood that Mr. Cohen will prevail on the merits should this action advance to trial.

202. In light of Defendants' continuing violations of state and federal law, egregious breaches of their fiduciary duties, and intentional submission of materially false reports to state and federal agencies in an effort to defraud the public, public policy favors injunctive relief.

---

[12] *Skyway Trap & Skeet Club, Inc. v. Southwest Fla. Water*, 854 So. 2d 676, 679 (Fla. 2d DCA 2003).

203. Furthermore, preliminary injunctive relief would facilitate preservation of the "status quo which existed before the controversy."[13]

204. Permanent injunctive relief would further protect Mr. Cohen and CannaPharmaRx, Inc.'s shareholders from future harm by Defendants.

**WHEREFORE,** Mr. Cohen requests that this Court enter a temporary restraining order, preliminary injunction, and/or permanent injunction to bar Defendants from: (1) engaging in fraudulent and/or other illegal activity; (2) entering into transactions, investing capital, and/or otherwise expending CannaPharmaRx, Inc.'s funds; and (3) making any payroll disbursements while this case is pending.  Mr. Cohen also seeks damages against Defendants for having to file this count in the first place, as well as attorneys' fees and costs.

**COUNT XIX**
**APPOINTMENT OF A RECEIVER**
*as to all Defendants*

205. Mr. Cohen re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

206. Florida courts may appoint a receiver if "the exigencies of the case demand it."[14]

207. For each day that Defendants are permitted to operate CannaPharmaRx, Inc., enter into transactions on its behalf, artificially inflate its stock value, submit fraudulent filings to federal and state agencies, dissipate shareholder equity cash funds, and expend corporate funds for improper purposes, Mr. Cohen and the shareholders of CannaPharmaRx, Inc. are damaged.

———————————

[13] *Chicago Title Ins. Agency, Inc. v. Chicago Title Ins. Co.*, 560 So. 2d 296, 297 (Fla. 2d DCA 1990) (emphasizing that the purpose of granting a temporary injunction is to preserve the status quo).

[14] *Recarey v. Rader*, 320 So. 2d 28, 30 (Fla. 3d DCA 1975).

208. Furthermore, Defendants' repeated refusal to permit Mr. Cohen to access information about CannaPharmaRx, Inc.'s finances raises the inference that fraudulent and/or unauthorized transactions and/or expenditures have continued to this day.

209. Appointing a receiver would protect Mr. Cohen's and shareholders' financial investments in CannaPharmaRx, Inc. by removing corporate funds from the control of corporate officers and directors who, upon information and belief, do not have the shareholders' best interests at heart.

210. A receivership is the only form of relief that would make it impossible for Defendants to exert control over CannaPharmaRx, Inc.'s funds during the pendency of this action. As such, it is the only form of relief that would adequately protect Mr. Cohen and CannaPharmaRx, Inc.'s shareholders from further harm before this case is resolved.

WHEREFORE, Mr. Cohen requests that this Court appoint a receiver to account for funds currently in Defendants' possession and control and to ensure that Defendants are unable to expend corporate funds during the pendency of this action. Mr. Cohen also seeks damages against Defendants for having to file this count in the first place, as well as attorneys' fees and costs.

## COUNT XX
## DERIVATIVE ACTION UNDER FLA. STAT. § 607.07401
### *as to all Defendants*

211. CannaPharmaRx, Inc., through Mr. Cohen as shareholder, re-alleges and incorporates paragraphs 1 through 68 as if fully stated here.

212. This verified complaint comes after Plaintiffs made a demand to the Board of Directors (orally and in writing) to remedy the injuries complained of throughout this complaint. The

33

demand was refused.  Irreparable injury to CannaPharmaRx, Inc. will result by waiting further.

213. Corporate directors and officers owe fiduciary duties of loyalty and care to the corporation and its shareholders.

214.  The fiduciary duty of loyalty is premised on the concept that directors must put the interests of the corporation above any and all personal interests.

215. Defendants breached their duty of loyalty to the Company by putting their personal interests above those of the corporation.

216. The fiduciary duty of care is premised on the concept that directors must act in a prudent manner and in the best interests of the corporation, on the basis of all information available to them.

217. As explained in the preceding paragraphs, Defendants have breached their duty of care by not acting in a prudent manner and with the best interests of the corporation in mind.

218. Defendants' wrongful conduct was not due to honest error in judgment, but to Defendants' gross mismanagement, bad faith, reckless disregard of the rights and interests of the corporation and its shareholders, and/or its action without the reasonable and ordinary care owed to the corporation.

219.  Should the Court deem no demand was made, any demand would have been futile because CannaPharmaRx, Inc.'s directors are not independent, as they are the individuals participating in the wrongdoing, possess a majority of the voting power in this close corporation, and have personal interests in the wrongful acts complained of in this action.

220. Defendants could not be be relied upon to reach a truly independent decision as to whether to commence the demanded action against themselves, as they are the officers perpetrating the misconduct alleged in this complaint.

221. As a result of the foregoing, Defendants harmed the Company and breached their fiduciary duties. Defendants, individually and collectively, knowingly aided, encouraged, cooperated, and/or participated in, and substantially assisted each other in, breaching their fiduciary duties.

222. By reason of the foregoing, CannaPharmaRx, Inc. has sustained, and will continue to sustain, damages.

**WHEREFORE**, CannaPharmaRx, Inc. and Mr. Cohen, on behalf of the corporation, pray that this Court will issue an order, awarding:

(a) restitution and disgorgement of all illicit proceeds generated as a result of the wrongful conduct alleged in this Complaint;

(b) appropriate equitable relief, including any injunctive or declaratory relief necessary to change and/or reform the corporation's corporate governance and policies;

(c) pre-judgment interest, as well as reasonably attorneys' fees and other costs;

(d) compensatory damages against Defendants in an amount to be proven at trial

(e) other such relief as this Court may deem just and proper.

35

**WHEREFORE**, Plaintiff, Gary Cohen, respectfully demands judgment against Defendants for the following:

a)   under §448.103, Florida Statutes, an injunction restraining continued violation of the act,

b)   general damages,

c)   back pay,

d)   front pay in lieu of reinstatement,

e)   lost benefits and other remuneration with seniority rights, and

f)   compensatory damages;

g)   under §448.104, Florida Statutes, reasonable attorney's fees, court costs, and expenses; and

h)   any other relief that this Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

36

## VERIFICATION

I, Gary M Cohen, declare that I have reviewed the Complaint and all of the allegations herein and I believe the allegations are true to the best of my knowledge.

_____        _____11/18/2014_____

Gary M Cohen                            Dated:

Dated this 18th day of November, 2014, and respectfully submitted by:

s/ Dale James Morgado

Dale James Morgado, Esq.

for FELDMAN MORGAO PA

dmorgado@ffmlawgroup.com

140 Broadway, 46th Floor

New York, NY 10005

Tel. (212) 355-3555

Fax. (212) 991-8439

Counsel for the Plaintiff